IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-BNB

MR. KEITH PARKER,

Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK,
MAJOR MR. TWOBEARS CHAVEZ, and
MRS. AHLIN,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

---

Plaintiff, Keith Parker, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* a civil rights complaint for injunctive relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), alleging that the defendants violated his rights under the United States Constitution. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). He also submitted motions on June 27 and 30, 2008, respectively titled "Moiton [sic] for a [sic] Emergency Injunction and or Temporary Restrainig [sic] Order" and "Motion for Temporary Restraining Order and or Injunction."

The Court must construe liberally the motions for a temporary restraining order and a preliminary injunction because Mr. Parker is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied.

Mr. Parker alleges that he has been threatened by co-inmates in the general population and by his cell mate. He asks to be placed in protective custody. He also asks the Court to compel the DOC to release the funds from his inmate trust fund account to pay the $6.00 initial partial filing fee owed in this case. However, according to the Court's docketing records, the Court received Mr. Parker's $6.00 initial partial filing fee on June 27, 2008. On the basis of these allegations, he believes he needs the Court's protection.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Parker fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. See Fed. R. Civ. P. 65(b). Therefore,

2

the liberally construed motions for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the liberally construed motions for a temporary restraining order and a preliminary injunction that Plaintiff, Keith Parker, submitted to and filed with the Court on June 27 and 30, 2008, are denied.

DATED at Denver, Colorado, this 17 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00737-BNB

Keith Parker
Prisoner No. 101464
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/17/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk