IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

MR. BILL RITTER, Governor of State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK,
MAJOR MR. TWOBEARS CHAVEZ,
MRS. AHLIN,

    Defendant(s).
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **"Motion Emergency Temporary Restraining Order/Preliminary Injunction, Default Defendants Failure to Respond to Stated Motion and Complaint"** [Docket No. 57; Filed November 3, 2008] (the "Motion"). The Motion advances two, distinct legal arguments: (1) that the Court should find that Defendants are in default; and (2) that the Court should enjoin Defendants and require them to place Plaintiff in protective custody. As to the latter request for relief, this is the fourth pending motion filed by Plaintiff seeking injunctive relief. The first three motions are not yet fully briefed and will be ruled on in due course [Docket Nos. 17, 33 & 51].

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. First, to the extent that Plaintiff requests that the Court find that Defendants are in default, the Motion is denied. The Motion does not comply with the requirements of Fed. R. Civ. P. 55. Further, the Court

finds that the Motion is based on an incorrect factual premise. Although Plaintiff argues that default should be entered against Defendants for their failure to timely respond to Plaintiff's complaint, a review of the docket reveals that on date of the deadline for Defendants to respond, they timely filed a Motion to Dismiss which satisfies their obligation [Docket No. 56]. Second, to the extent that Plaintiff requests injunctive relief, the Motion is denied as duplicative of his three pending motions which seek the same or similar relief. The Court will address Plaintiff's claims on the pending motions, and Plaintiff's attempt to assert a fourth claim for injunctive relief to speed this process is unnecessary and interferes with the Court's ability to resolve Plaintiff's issues in a timely and complete manner.

IT IS FURTHER **ORDERED** that to the extent that Plaintiff contends that he did not receive a copy of the Motion to Dismiss, the Clerk of Court shall mail him a copy of such motion [Docket No. 56] in conjunction with this Order.

IT IS FURTHER **ORDERED** that Defendants shall respond to Plaintiff's third **"Motion Emergency Temporary Restraining Order and or Preliminary Injunction"** [Docket No. 51] on or before **November 14, 2008**. No reply will be permitted. Upon completion of the briefing on the third motion for injunctive relief, the Court will enter a recommendation which resolves all pending injunctive issues. **Until such time, Plaintiff is prohibited from filing any motions seeking the same or similar injunctive relief.** Any additional motion seeking injunctive relief filed by Plaintiff before such time will be summarily stricken.

This matter is also before the Court on Plaintiff's **Motion for Sanctions Against Defendants** [Docket No. 59; Filed November 4, 2008] ("Motion for Sanctions"). Again, the

2

Motion for Sanctions is premised on the incorrect factual assertion that Defendants did not timely respond to Plaintiff's complaint or Plaintiff's pending motions. The Court informs Plaintiff that Defendants are in compliance with all Court-set deadlines. Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Sanctions is **DENIED**. Given Plaintiff's incarceration, there will necessarily be a delay in Plaintiff's receipt of his mail. As such, Plaintiff is instructed to remember that he likely will not receive copies of Defendants' filings until several days after they are filed, which may also be several days after the filing deadline. Accordingly, Plaintiff should wait at least one week after the filing deadline before filing motions relating to Defendants' alleged failure to meet Court-set deadlines. The present motions are an inefficient use of the Court's and Plaintiff's time given that the motions were filed on or close in time to the date of the deadlines and Defendants had, in fact, met such deadlines.

Dated: November 5, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix