IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

MR. BILL RITTER, Governor of State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK,
MAJOR MR. TWOBEARS CHAVEZ,
MRS. AHLIN,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Reconsider the Court to Appoint Counsel Under Exceptional Circumstances** [Docket No. 71; Filed December 1, 2008] (the "Motion"). On September 4, 2008, the Court granted Plaintiff's request to be placed on the Court's list of parties in need of volunteer counsel [Docket No. 38]. The Court noted, however, "that the Court is without authority to appoint counsel for Plaintiff, and Plaintiff will only secure counsel through this method if counsel *volunteers* to represent him." *Order* [#38] at 2. Although Plaintiff asks me to reconsider my determination that I do not have authority to appoint involuntary counsel, he has failed to provide statutory support for my ability to do so. As noted before, except in circumstances not relevant here, my "appointment" authority is limited to seeking volunteer counsel for Plaintiff. *See* 28 U.S.C. § 1915 ("The court may request an attorney to represent any person unable to afford

counsel."); *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989) ("Congress did not intend § 1915[(e) to license compulsory appointments of counsel . . . ."); *Loftin v. Dalessandri*, 3 Fed. Appx. 658, 663 (10th Cir. 2001) (recognizing that "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case"); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent litigant). Accordingly,

IT IS HEREBY **ORDERED** that Motion is **DENIED**. Until counsel volunteers to represent Plaintiff, he must proceed *pro se*.

Dated: December 3, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix