IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

MR. BILL RITTER, Governor of State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK,
MAJOR MR. TWOBEARS CHAVEZ,
MRS. AHLIN,

    Defendant(s).
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

On April 30, 2008, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Docket No. 5]. The Order states, in part, the following:

> [T]hat the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is granted. Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. It is
>
> FURTHER ORDERED that the plaintiff shall pay an initial partial filing fee of $6.00. Plaintiff shall have (30) days from the date of this order in which to have the designated fee sent to the clerk of the court or sow cause why he has not assets and no means by which to pay the designated initial partial filing fee. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement. It is
>
>     . . . .
>
> FURTHER ORDERED that, after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent

(20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment.

*Order* [#5] at 2-3.

This is at least the second case where the Court has been required to issue an Order directing plaintiff to make payment toward his filing fee. In 07-cv-01731-MSK-KLM, plaintiff was ordered to show cause on three separate occasions regarding his failure to comply with the initial Order granting him leave to proceed *in forma pauperis* [Docket Nos. 19, 63 & 72]. In the present case, plaintiff has continued his noncompliance with the Court's Orders related to payment of his filing fee. Since the last inmate trust fund account statement for the month of September was filed [Docket No. 52], plaintiff has failed to make any payment toward his filing fee or show cause why he cannot for the months of October, November, or December.

28 U.S.C. § 1915(b)(2) requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided that the prisoner's account exceeds $10.00. **This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending.** *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000). While there is a $10.00 threshold built into the statute – i.e., when the account balance exceeds $10.00, or when the monthly deposits exceed $10.00, the prisoner is required to make a payment toward his filing fee – this does not mean that plaintiff is free to spend deposited funds as soon as they are deposited in order to reduce his account to a level below the $10.00 minimum. *See Losee v. Maschner*,

113 F. Supp. 2d 1343, 1352 (S.D. Iowa 1998). If such were the case, plaintiff would be free of any obligation to pay his fees.

IT IS HEREBY **ORDERED** that on or before **February 15, 2009**, plaintiff shall make the required monthly payments or show cause why he had no assets and no means by which to make the monthly payments for the months of **October, November, and December**.

**It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court to do so through an order to pay or show cause. Such a procedure unreasonably burdens the Court.**

IT IS FURTHER **ORDERED** that by the **15th day** of **each** month, e.g., by February 15, 2009 for the month of January, and without any further notice from or Order of the Court, plaintiff must either make the required monthly payment for the preceding month or file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. As plaintiff is well aware having been repeatedly advised in a previous action, **making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.** *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for

failure to comply with this Order and the Order allowing plaintiff to proceed *in forma pauperis* dated April 30, 2008. Further, if plaintiff fails to comply with this Order, my Recommendation to dismiss Plaintiff's complaint and this civil action may be issued without further notice.

Dated: January 28, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix