IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

        Plaintiff,

v.

MR. BILL RITTER, Governor of State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK,
MAJOR MR. TWOBEARS CHAVEZ,
MRS. AHLIN,

        Defendant(s).
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **"Motion [sic] Supplemental Pleadings
and Civil Investigative Demands"** [Docket No. 78; Filed December 22, 2008] ("Motion
No. 78") and **"Motion for Emergency Relief from the Courts and or a [sic] Extension
of Time"** [Docket No. 79; Filed December 22, 2008] ("Motion No. 79") (collectively the
"Motions").  Defendants filed responses to the Motions on January 30, 2009 [Docket Nos.
91& 92].

IT IS HEREBY **ORDERED** that Motion No. 78 is **DENIED**.  Although the Motion is
less than clear, Plaintiff appears to request that the Court appoint a special master, appoint
an attorney, conduct an investigation, and hold a hearing.  *Motion* [#78] at 7.  The Motion
appears to be an attempt to relitigate arguments and concerns that are at issue in Plaintiff's
pending motions for injunctive relief.  My Recommendation to deny those motions, and

Plaintiff's objection thereto, remain pending [Docket Nos. 64 & 70]. Further, the Motion seeks to litigate anew Plaintiff's past requests for the appointment of counsel. While I previously agreed to place Plaintiff on the list of *pro se* litigants in need of *pro bono* assistance, I noted that I lacked authority to <u>require</u> an attorney to represent Plaintiff [Docket Nos. 38 & 76]. The Motion offers no legal justification for the appointment of counsel, the appointment of a special master, or for the Court to undertake an investigation into Plaintiff's allegations. Further, to the extent that Plaintiff contends that his alleged placement in segregation impacts his ability to litigate his case on his own, such an allegation is contradicted by the number of pleadings Plaintiff has filed to date. Finally, to the extent that the Motion also purports to be a request to amend Plaintiff's complaint, the Motion does not comply with my prior Order regarding the amendment of pleadings [Docket No. 69]. As such, the Motion is subject to denial on this basis as well.

IT IS HEREBY **ORDERED** that Motion No. 79 is **DENIED**. The Motion purports to be a request for the Court's assistance to enable Plaintiff to litigate his case. To this end, Plaintiff requests that the Court require prison officials to provide with him unlimited access to photocopies and free postage. The Court reminds Plaintiff that he is a voluntary litigant in a federal lawsuit. He chose to bring this action *pro se* knowing the limitations that he would face given his status of incarceration and lack of funds. "A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine" or stamps. *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980); *see Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978).

To the extent that Plaintiff specifically contends that the prison refuses to make copies of his pleadings, including a proposed amended complaint, the Court makes two

observations. First, I note that contrary to Plaintiff's assertion, Plaintiff submitted a proposed amended complaint in conjunction with his request to certify a class action [Docket No. 77]. The motion has not been referred to this Court. If Plaintiff intended to amend his complaint further, the Court notes that he did not file a "Motion for Leave to Amend" as he was required to do to amend his complaint [Docket No. 69]. The deadline for amendment of pleadings has now expired. As such, any injury Plaintiff complains of appears to be the result of his own choices, not the conduct of prison officials. Second, as noted above, the sheer number of Plaintiff's filings to date, including additional motions filed immediately prior to [Docket Nos. 77 & 78] and after [Docket Nos. 80, 81, 87 & 89] the docketing of Motion No. 79, belies Plaintiff's contention that he does not have access to a reasonable amount of paper or postage to litigate his case. *See, e.g.*, *Harrison v. Bent County Corr. Facility*, 24 Fed. Appx. 965, 967 (10th Cir. Dec. 21, 2001) (unpublished decision) (noting that prison's refusal to make unlimited copies for inmate more than $300.00 in arrears, particularly given that inmate could not articulate an injury, did not amount to a constitutional violation).

Finally, although Plaintiff contends that he is being detained in segregation as a punishment for litigating this case, I note that his classification papers tell a different story [Docket No. 92-2]. In November 2008, Plaintiff was given an administrative hearing to determine whether he should be placed in segregation. Specifically, the report indicates that Plaintiff admitted to being involved in confrontations with other inmates. The report also notes that while Plaintiff attributed his negative behavior to his mental health, he refused to take mental health medication. He was also found to be in possession of escape paraphernalia and to be a danger to others given his recent behavior. This independent

3

report, which relies on the testimony of Plaintiff, nonparty prison officials, and a mental health clinician, sufficiently disputes Plaintiff's unsupported allegation that others are responsible for his present predicament.

Dated:  February 2, 2009

<div style="margin-left:50%">

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge

</div>