IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00737-MSK-KLM

Mr.. KEITH PARKER,

        Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK,
MAJOR MR. TWOBEARS CHAVEZ, and
MRS. AHLIN ,

        Defendants.

## ORDER ADOPTING RECOMMENDATION AND DENYING MOTIONS FOR INJUNCTIVE RELIEF

**THIS MATTER** comes before the Court pursuant to Plaintiff Keith Parker's Objection **(#70)** to the November 18, 2008 Recommendation **(#64)** by the Magistrate Judge that the Plaintiff's Motions for Temporary Restraining Order **(#17, #33, #51)** be denied.

### I. Background

Mr. Parker, a prisoner, brings Fifth and Eighth Amendment claims regarding Defendants' alleged failure to protect him from being assaulted by other inmates and their security and custody level classifications of him, including their failure to create and house him in a protective custody unit. In each of his three Motions for Temporary Restraining Order, Mr. Parker alleges that he is in imminent danger of serious injury. To remedy this threat, Mr. Parker seeks a transfer to a protective custody unit, preferably in an out-of-state facility. These Motions

for Temporary Restraining Order were referred to the Magistrate Judge, who has recommended that all three Motions be denied. Mr. Parker objects to the Magistrate Judge's recommendation.

## II. Standard of Review

Within ten days after being served with a copy, any party may serve and file specific written objections to a magistrate judge's recommendations. The district court shall make a *de novo* determination of those portions of the recommendations to which a proper objection is made. The district court may then accept, reject, or modify the recommendations. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b).

To preserve an issue for *de novo* review by the district court, a party's objections to the magistrate judge's report and recommendation must be both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Only objections that are sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act. *See Id.*

In considering Mr. Parker's Objection and other filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Parker's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Parker of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Parker according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th

Cir. 1994).

### III. Recommendations on Motions that have become Moot

As a primary matter, the Court will not consider Mr. Parker's objections to the Magistrate Judge's Recommendations as they pertain to his First **(#17)** and Second **(#33)** Motions for Temporary Restraining Order. Mr. Parker's basis for injunctive relief is that he is in imminent danger of serious injury at the hands of enemies with which he is incarcerated. Mr. Parker is no longer incarcerated at the facilities at which he was housed when he filed his First and Second Motions. Accordingly, the First and Second Motions For Temporary Restraining Order, as well as Mr. Parker's objections as they relate to these Motions, are moot.

### IV. Recommendation and Objection on Pending Motion

Mr. Parker's Objection **(#70)** was timely filed. The bulk of Mr. Parker's objections are conclusory in nature and are not responsive to the findings and conclusions made by the Magistrate Judge in her Recommendation. These objections are improper because they fail to meet the requirement of specificity and they will not be considered.

However, Mr. Parker raises two specific objections that merit consideration. First, Mr. Parker references and identifies an enemy list that the Magistrate Judge stated had not been produced. Second, Mr. Parker references a specific assault against him that occurred at Centennial Correction Facility ("CCF"), where he is currently housed and where the Magistrate Judge concluded he faces no imminent danger. These two objections pertain to that portion of the Magistrate Judge's Recommendation in which she found that Mr. Parker had failed to show that he is facing immediate and irreparable harm. Accordingly, this portion of the Recommendation will be reviewed *de novo*.

Although Mr. Parker requests a temporary restraining order or a preliminary injunction,

notice has been given to the Defendants of the requested relief and therefore this Court will treat Mr. Parker's request as one for a preliminary injunction. Fed. R. Civ. P. 65(a). Ordinarily such a motion would require an evidentiary hearing, but none was conducted by the Magistrate Judge. As there is no evidentiary record for this Court to review, it will construe all evidence submitted by Mr. Parker in support of his motion and in support of his Objection most favorably to Mr. Parker.

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish all four of the following elements: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id*. [1]

"Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260

---

[1] The injunction requested by Mr. Parker is not favored. There are three types of "disfavored" preliminary injunctions: (1) those which alter the status quo; (2) those which are mandatory rather than prohibitory, in that they require the non-movant to act in a particular way; and (3) those which afford the movant all of the relief it could recover after a full trial on the merits. These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier*, 427 F.3d at 1259. Moving Mr. Parker to protective custody, either inside or outside of Colorado, would amount to a mandatory alteration of the status quo. Accordingly, Mr. Parker's request will be scrutinized on an even higher level than the already cautious examination normally undertaken when the Court is confronted with a request for injunctive relief.

(10th Cir. 2004)(citations omitted). The Court assumes that the harm that Mr. Parker fears - bodily injury while being incarcerated as a prisoner - is irreparable because it arguably could give rise to a constitutional Eighth Amendment violation. *See Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001)(recognizing that most courts require no further showing of irreparable injury when an alleged constitutional right is involved)(citation omitted). However, there is a question of whether the harm that he fears is imminent.

The movant must show that the injury complained of is so imminent that there is a clear and present need to prevent it. *See Schrier*, 427 F.3d at 1267. Injunctive relief is only appropriate to avoid an existing threat of injury and cannot be employed to protect against an injury that is merely feared to be suffered at some indefinite future date. *See Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

As to the imminence of possible injury due to attack, Mr. Parker contends that he has produced a list of known enemies as evidence of his immediate threat of harm. In his Objection, Mr. Parker identifies a list of enemies attached as Exhibit 2 to his Motion to Strike Defendants Motion to Dismiss and Grant Appropriate Relief (**#63**). Indeed, this Motion includes a hand-written list of seventeen names that Mr. Parker identifies as enemies, including their location. However, none of these alleged enemies are clearly identified as being incarcerated at CCF. Accordingly, this list of enemies does not evidence any immediate threat of injury to Mr. Parker.

Also in his Objection, Mr. Parker refers to being assaulted by three inmates while incarcerated at CCF, but does not indicate when this assault occurred or provide any further detail. In reviewing the case file, the Court notes a reference in Mr. Parker's Amended Prisoner Complaint (**#16**) to being assaulted in September 2000 by three inmates at CCF during a previous stint there. Without additional guidance by Mr. Parker, the Court presumes that the

September 2000 incident at CCF is the one referenced in his Objection. There is nothing in the record to suggest that these unnamed assailants in 2000 are presently incarcerated at CCF. Furthermore, a single assault over eight years ago at CCF does not evidence an immediate threat of injury.

Mr. Parker has failed to demonstrate that he is threatened with immediate and irreparable injury. With regard to the emergency injunctive relief at issue here, it is appropriate to focus upon the circumstances surrounding Mr. Parker's present incarceration at CCF, his location at the time he filed his Third Motion for Temporary Restraining Order **(#51)**. Mr. Parker does not allege any recent, specific threat at CCF. In his Third Motion, Mr. Parker refers to his current housing at CCF as a "short term fix" and concedes that Defendants have placed him in administrative segregation at CCF as a way to maintain the status quo until his lawsuit is resolved. Under these circumstances, Mr. Parker has failed to demonstrate an immediate threat of irreparable harm and is therefore not entitled to injunctive relief.

The Court **OVERRULES** Mr. Parker's Objection **(#70)** and **ADOPTS** the Recommendation (**#64**). Mr. Parker's Motions for Temporary Restraining Order (**#17, #33**, **#51**) are **DENIED**. Because Mr. Parker's Motion requests the same relief as that raised in his Complaint, it will be fully considered at trial in this matter. Given Mr. Parker's repeated filing of similar motions, the Court finds that trial in this matter should be expedited.

**IT IS THEREFORE ORDERED** the Magistrate Judge will convene a scheduling conference to determine the earliest date at which this matter will be ready for trial, and set such expedited deadlines for preparation for trial as can be accommodated by the parties. Once amendments are made to the pretrial scheduling order, a new final pre-trial conference will be set.

DATED this 12th day of February 2009.

BY THE COURT:

*[signature: Marcia S. Krieger]*

**Marcia S. Krieger**
**United States District Judge**