IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
MR. LEONARD VIGIL,
MR. DAVID M. ZUPAN,
MRS. D. WEBSTER,
LT. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
MR. DR. [sic] MCHAUD, and
LT. ROBERT STEINBECK,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion Requesting the Court to Order a Mental Health Examination for the Plaintiff** [Docket No. 204; Filed July 20, 2009] ("Motion No. 204") and **Motion [sic] Injunctive Relief** [Docket No. 205; Filed July 20, 2009] ("Motion No. 205").

    IT IS HEREBY **ORDERED** that Motion No. 204 is **DENIED**.  Plaintiff provides no legal authority for the Court to order him to undergo a mental examination.  Moreover, as no particular mental condition is required to litigate a case in federal court, the Court

discerns no purpose for such an examination. I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training, incarcerated status, and alleged mental health problems. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

IT IS HEREBY **ORDERED** that Motion No. 205 is **STRICKEN** pursuant to my Order dated July 14, 2009 [Docket No. 199]. Moreover, the Court notes that the Motion pertains to past events which cannot be resolved via injunctive relief, particularly given Plaintiff's recent transfer to a different facility [Docket No. 202]. *See Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931) (holding that an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future"); *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) ("The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiff[] from irreparable injury that will surely result . . . ."); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n.6 (10th Cir. 2005) (quoting *San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Because plaintiffs seek declaratory and injunctive relief only . . . it is insufficient for them to demonstrate only a past injury.")); *see also Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (noting that where "entry of injunctive relief in [plaintiff's] favor would have no effect on the defendants' behavior," request for injunctive relief is moot).

Dated: July 20, 2009

BY THE COURT:
  /s Kristen L. Mix
United States Magistrate Judge