IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

BILL RITTER, Governor of the State of Colorado,
ARISTEDES W. ZAVARAS, Executive Director,
MARK BROADUS,
PAUL HOLLENBECK
WARDEN ARELLANO,
CAPTAIN HALL,
LEONARD VIGIL,
DAVID M. ZUPAN,
MRS. DONNA WEBSTER,
LT. M. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
DR. MICHAUD, and
LT. ROBERT STEINBECK,

    Defendant(s).
_____

**ORDER DENYING MOTION FOR RECONSIDERATION**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Reconsideration and Object to the Ruling to Dismiss Attorney** [Docket No. 206; Filed July 20, 2009] (the "Motion").  The Motion involves a pleading that the Court construed as a motion to terminate the services of Plaintiff's Court-provided counsel, which the Court granted on July 14, 2009 [Docket No. 206].  Although the Motion could arguably be interpreted as an appeal of or objection to my July 14, 2009 Order, the Motion has been referred to me for

resolution.

In order to give context to my ruling on the Motion, the following background is provided. Plaintiff, who is a prisoner incarcerated by the Colorado Department of Corrections, filed this action *pro se*. Early in the litigation, he moved to be placed on the Court's list of individuals in need of *pro bono* counsel [Docket No. 32]. The Court granted the motion and placed Plaintiff on the list [Docket no. 38]. However, Plaintiff was dissatisfied with the speed at which volunteer counsel could be located to represent him and twice sought to have the Court appoint counsel to represent him outright, despite the fact that no counsel had volunteered to do so [Docket Nos. 71 & 78]. Given my limited authority to appoint counsel in civil cases, the Court denied his motions, but maintained Plaintiff on the list of individuals in need of volunteer counsel [Docket Nos. 76 & 94]. Plaintiff appealed my Orders, and those appeals remain pending [Docket Nos. 89 & 145].

In April 2009, and due to his placement on the *pro bono* list, counsel was located to represent Plaintiff. Counsel entered his appearance on April 24, 2009 [Docket No. 158]. Almost immediately, the Court began to receive letters, affidavits and other pleadings from Plaintiff expressing his dissatisfaction with counsel's performance and maintaining that Plaintiff, rather than counsel, should be able to dictate the presentation of his case [Docket Nos. 168, 171, 174, 175, 178, 180]. The Court struck these pleadings because they were filed by Plaintiff, not his counsel [Docket Nos. 170 & 179]. On July 6, 2009, the Court received a pleading from Plaintiff which more forcefully objected to his counsel's representation [Docket No. 193], and given the shear number of pleadings filed by Plaintiff on this issue, the Court construed the pleading as a motion to terminate the services of Plaintiff's Court-provided counsel. Although not required to do so, the Court set the motion

for hearing [Docket No. 194]. Just a few days prior to the hearing, the Court received an additional letter from Plaintiff again asking that his counsel be "taken off the case" [Docket No. 197]. On the time and date of the hearing, Plaintiff did not call in to participate, and the Court conducted the hearing with Plaintiff's counsel and defense counsel in attendance.[1]

As of the date of the hearing, the Court had received eight pleadings from Plaintiff expressing his dissatisfaction with counsel to some degree. For example, Plaintiff contended that "the way [counsel] is acting he dont [sic] want to represent me due to the fact he was requested to represent me by the court" [Docket No. 171]. Plaintiff also contended that counsel's failure to get Plaintiff's permission to file certain pleadings or to take orders from Plaintiff was improper and that counsel's conduct unnecessarily contributed to the delay of Plaintiff's case [Docket Nos. 174, 175 & 180]. Plaintiff further contended that his counsel was "neglecting" and "mislitigating" his case [Docket No. 178] and lying to him and the Court in an effort to sabotage the case [Docket No. 197].

Given the record before the Court, and Plaintiff's counsel's representation at the hearing that he did not feel he could continue to represent Plaintiff based on Plaintiff's filings and additional letters which counsel had received directly from Plaintiff, the Court agreed that counsel's representation would jeopardize the efficient presentation of Plaintiff's case and the efficient use of judicial resources. Although I found no evidence that

---

[1] The Court contacted the prison facility several days in advance of the hearing to ensure Plaintiff's attendance at the hearing and faxed a courtesy copy of the Order setting the matter for hearing directly to the facility. The Court also called the facility on the morning of the hearing to remind officials to make Plaintiff available. Despite these efforts, Plaintiff did not timely appear. After the hearing concluded, and approximately twenty minutes after the hearing was set to commence, a facility representative contacted the Court, along with Plaintiff, to participate. The only explanation given was that the facility had been busy that morning. Despite the fact that Plaintiff's failure to attend was caused by the facility, not Plaintiff, his presence would not have impacted my ruling.

counsel's conduct had been deficient, I found that the attorney/client relationship had irretrievably broken down given Plaintiff's persistent filing of pleadings regarding this issue.

Although the Court granted Plaintiff the relief that he requested in his motion, namely the opportunity to sever ties with counsel and to dictate the strategy of his own case, Plaintiff filed the present Motion seeking reconsideration of my ruling. Specifically, he claims that the Court should have known that given his mental state, no motion filed by Plaintiff could be resolved on his pleadings. *Motion* [#206] at 2-4. Rather, he claims that the Court should always allow discussion, particularly due to the fact that he cannot control his own actions due to his alleged deteriorating mental condition. *Id.* He also claims that if he had attended the hearing, he would have asked that his underlying motion be withdrawn as he had allegedly changed his mind about counsel's assistance. Plaintiff offers no explanation for why he did not withdraw his motion in writing prior to the scheduled hearing.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The time has come for Plaintiff to be held accountable for his actions throughout this litigation. He created the record upon which the Court relied to terminate the services of his Court-provided counsel. It is disingenuous for Plaintiff to contend after the Court has granted the requested relief that the Court should have known that Plaintiff could not be responsible for his own words or actions. *See Motion* [#203] at 2; *Motion* [#204] at 2-3; *Letter* [#203] at 1. There is no way to interpret Plaintiff's pleadings other than that he was seeking to terminate the representation of counsel. Rather than taking advantage of the counsel provided to him, Plaintiff at every juncture sought to undermine counsel's skill and expertise and to dictate the terms of his own case without the involvement of counsel. Simply, the Court has now given Plaintiff the relief he sought and will not revisit my prior ruling. Nothing Plaintiff argues in the Motion prompts a different result. Regardless of whether Plaintiff intended to withdraw his underlying motion at the hearing, the record created by Plaintiff prior to the hearing necessitated the result. Further, the Court was not required to wait for additional briefing or argument regarding Plaintiff's motion prior to my ruling. *See* D.C. Colo. L. Civ. R. 7.1(C). Given Plaintiff's abusive accusations about his counsel lodged in Court filings and letters on file with counsel, counsel stated the concern that he could no longer represent Plaintiff. The Court shared this concern and does not believe that counsel should be forced to represent a client who does not want his representation or whose approval is revoked, given and revoked again based upon the client's whim.

While the turn of events in this case is exceedingly unfortunate, those events were precipitated and caused by Plaintiff. He should not be heard to complain now that the relief

5

he sought is unfair.² As noted in several of my prior Orders, despite Plaintiff's contention that he cannot represent himself in this matter without the assistance of counsel, he has no right to counsel. Nevertheless, counsel was provided, and now counsel has been excused. Plaintiff will not be provided new counsel by the Court. He must therefore proceed *pro se*, as must nearly all voluntary *pro se* litigants who file their lawsuits in federal court (which is the risk Plaintiff took when he filed this lawsuit). To this end, Plaintiff is responsible for complying with all Court-set deadlines, my prior Orders and the Federal and Local Rules of Civil Procedure. If Plaintiff feels that he cannot proceed, he may move to voluntarily dismiss his case; otherwise, the case must move forward.

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of the following Orders and pleadings to Plaintiff to enable him to effectively litigate his case: (1) Docket No. 179 (Minutes from Scheduling Conference); (2) Docket No. 181 (Scheduling Order); (3) Docket No. 183 (Plaintiff's Motion for Preliminary Injunction); (4) Docket No. 184 (Plaintiff's Motion for Preliminary Injunction); (5) Docket No. 191 (Amended Complaint); (6) Docket No. 199 (Minutes from July 14, 2009 Hearing); (7) Docket No. 201 (Defendants' Motion to Dismiss); and (8) Docket No. 209 (Defendants' Combined Response to Plaintiff's Motions for Preliminary Injunction). There are several documents in this list which call for a responsive

---

² Indeed, Plaintiff should consider himself fortunate that neither the Court nor Defendants are pursuing Fed. R. Civ. P. 11 sanctions against Plaintiff for filing pleadings which he now admits were unfounded. Federal litigation is not a game, as evidenced by Rule 11(b) which authorizes the Court to impose sanctions for the filing of improper pleadings. Plaintiff is warned that sanctions will follow if he continues to inundate the Court with needless updates of his daily conditions, unsupported accusations of his treatment by nonparties, or various other pleadings which only serve to delay the Court's and the parties' ability to litigate the merits of the case. As is true for all other litigants in this Court, Plaintiff must exercise discretion in choosing to file pleadings.

pleading from Plaintiff, and the Court sets the following deadlines for Plaintiff to comply:

- Plaintiff's Combined Reply in Support of his Motions for Preliminary Injunction    **August 7, 2009**

- Plaintiff's Response to Defendants' Motion to Dismiss    **August 10, 2009**

Dated:  July 22, 2009

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge
