IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00737-MSK-KLM

MR. KEITH PARKER,

        Plaintiff,

v.

BILL RITTER,
ARISTEDES W. ZAVARAS,
MARK BROADUS,
PAUL HOLLENBECK,
MR. ARELLANO,
CAPTAIN  HALL,
LEONARD VIGIL,
DAVID M. ZUPAN,
DONNA WEBSTER,
M. MCCORMICK,
MR. ENRIQUEZ,
LT. PIPER
SUSAN JONES,
JILL HOGGARTH,
DR. MICHAUD, and
ROBERT STEINBECK,

        Defendants.

_____

**OPINION AND ORDER REGARDING VARIOUS MOTIONS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss

(**# 54, 56**),[1] to which no directly responsive papers were filed; the Plaintiff's Motion to Strike

(**#63**) the Defendants' Motion to Dismiss; the Plaintiff's Motion to Certify a Class (**# 77**); the

---

[1]The Defendants appear to have filed two identical copies of this motion.

1

Plaintiff's "Rule 46 Appeal Motion Denying Appointment of Counsel"(**# 80**), which the Court

treats as an Objection under Fed. R. Civ. P. 72(a) to the December 3, 2008 Order (**# 76**) of

United States Magistrate Judge Kristen L. Mix denying the Plaintiff's Motion for

Reconsideration (**# 71**) of a prior order denying appointment of counsel; the Plaintiff's "Motion

to Rule of Facts, Statutes of Law" (**# 89**), which the Court construes as a request for a ruling on

the Plaintiff's then-pending Motion for Preliminary Injunction (**# 81**), the Defendants' response

(**# 122**), and the Plaintiff's reply (**# 120**); the Plaintiff's Objection (**# 101**) under Rule 72(a) of a

February 2, 2009 Order (**# 94**) by the Magistrate Judge denying Plaintiff's Motion for

Emergency Relief (**# 79**); and the Plaintiff's Rule 72(a) Objection (**# 145**) to the Magistrate

Judge's December 3, 2008 Order denying appointment of counsel.[2]

An extensive factual recitation is not necessary to the disposition of the motions

presented here.   The Court notes that the Plaintiff appears  *pro se*, and is an inmate of the

Colorado Department of Corrections ("CDOC").  He asserts various claims under 42 U.S.C. §

1983 against CDOC officials relating to his confinement to administrative segregation, the

failure of CDOC officials to protect him against attacks from other inmates, the failure to supply

him with necessary medical treatment, and other matters.

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and

accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

However, such liberal construction is intended merely to overlook technical formatting errors

and other defects in the Plaintiff's use of legal terminology and proper English.  *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve the Plaintiff of the duty to

---

[2]This Objection appears to overlap with the Plaintiff's Objection at Docket # 80.

comply with the various rules and procedures governing litigants and counsel or the

requirements of the substantive law, and in these regards, the Court applies the same standards to

the Plaintiff as it would to counsel licensed to practice law before the bar of this Court. *See*

*McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th

Cir. 1994).

### A.  Defendants' Motion to Dismiss

The Defendants moved to dismiss **(# 54, 56)** claims in the Plaintiff's Complaint **(# 3)**.

Since the filing of those motions, the Plaintiff has obtained leave to file an Amended Complaint

**(# 191)**, and the Defendants have filed a new Motion to Dismiss **(# 201)** directed at the newer

pleading.  Accordingly, the Defendants' prior Motions to Dismiss **(# 54, 56)** are denied as moot.

The Plaintiff's Motion to Strike **(# 63)** those motions to dismiss is also denied as moot.

### B.  Plaintiff's Motion to Certify Class

Purporting to act "on behalf of Mr. Eugene Martinez # 85357 and Mr. John Harding

#90952 and on behalf of all minors, adult prisoners who are or will be incarcerated by the State

of Colorado," the Plaintiff moves **(# 77)** to certify a class of CDOC inmates who may be

deprived of constitutional rights due to deficiencies with regard to protective custody, the

inadequacy of mental health treatment, and the insufficiency of the law library system available

to inmates in administrative segregation.

Assuming – although the Court does not so find – that the Plaintiff's motion adequately

establishes the requisite numerosity and commonality requirements necessary for certification of

a class under Fed. R. Civ. P. 23(a), the fact remains that the Plaintiff proceeds in this action *pro*

*se*.  *Pro se* litigants who are not licensed attorneys are not authorized and  do not possess the

legal training and expertise necessary to protect the interests of a proposed class.  Thus, it is

inappropriate to certify a class action under Rule 23 where the action is to be litigated by a *pro se*

party.  *Lile v. Simmons*, 143 F.Supp.2d 1267, 1277 (D. Kan. 2001).  The Plaintiff is free to assert

his own rights in this action, but he has not demonstrated either the training or expertise

necessary to litigate the rights of others.  Accordingly, the Plaintiff's Motion for Class

Certification is denied.

### C.  Motions Regarding Appointment of Counsel

By Order dated September 4, 2008 **(# 38)**, the Magistrate Judge granted the Plaintiff's

request for appointment of counsel, specifically noting that in civil cases, the Court only has the

ability to request that an attorney voluntarily agree to represent the Plaintiff.  On December 1,

2008, the Plaintiff filed a Motion to Reconsider **(# 71)** that order, apparently arguing that the

Court should <u>compel</u> an attorney to appear on his behalf, owing to "exceptional circumstances"

such as the complexity of the litigation and the Plaintiff's mental health status, among other

things.  By Order **(# 76)** dated December 3, 2008, the Magistrate Judge denied the motion for

reconsideration, finding that the Plaintiff "failed to provide statutory support for my ability" to

compel an attorney to represent him. On December 22, 2008, the Plaintiff filed a document

entitled "Appeal Motion Denying Appoint of Counsel Rule 46 Objecting to a Ruling or Order"

**(#80)**, which this Court treats as a Rule 72(a) Objection to the Magistrate Judge's December 3,

2008 Order.  In that document, the Plaintiff responds to the Magistrate Judge's observation that

he provided no statutory support for his request for a directive that the Court compel an attorney

to represent him, and cites 28 U.S.C. § 1915(e)(1), along with repeating several arguments that

he raised in his motion for reconsideration before the Magistrate Judge.  On March 26, 2009, the

Plaintiff filed another document purporting to be a Rule 72(a)-type Objection[3] to the Magistrate

Judge's December 3, 2008 Order, again citing the complexity of the case as warranting

appearance of counsel, citing 28 U.S.C. § 1915(e)(1) as authority, and generally repeating many

of the same arguments made previously.

Rulings on non-dispositive issues by a Magistrate Judge are reviewed by this Court

pursuant to Fed. R. Civ. P. 72(a), and will be reversed only if they are "clearly erroneous or

contrary to law."  28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.

1997); *Ariza v. U.S. West Communications*, *Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).

Accordingly, the Plaintiff's Objections will be overruled unless the Court finds that the

Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left

with a "definite and firm conviction that a mistake has been made."  *Ariza,* 167 F.R.D. at 133,

*citing Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).  Rule 72(a)

requires that objections to a Magistrate Judge's Order be filed within 10 days of having been

served with a copy of the Order at issue.

The Court assumes, without necessarily finding, that the Plaintiff's December 22, 2008

Objections were timely filed within 10 days of his receipt of the December 3, 2008 Order,

although it is clear that his March 26, 2009 Objections are untimely.  In any event, having

reviewed all the Plaintiff's Objections to the Magistrate Judge's Order, the Court cannot say that

the Magistrate Judge's ruling that she lacked the ability to compel an attorney to assume

---

[3]The Plaintiff captions both of his Objections as being filed under Fed. R. Civ. P. 46, which relates to the deprecated practice of a party taking "exception" to a court's denial of an objection at trial in order to preserve that issue for appeal.  The Court has construed the Plaintiff's filings under the more appropriate provisions of Rule 72.

representation of the Plaintiff was "clearly erroneous or contrary to law." As the many cases

cited by the Magistrate Judge in her December 3, 2008 Order make clear, 28 U.S.C. § 1915(e)(1)

permits the Court only to "request" that an attorney assume representation of a *pro se* party, not

to force an attorney to do so.  This Court agrees with the Magistrate Judge that the Plaintiff has

failed to point to any authority for the proposition that § 1915 confers authority on the Court to

<u>force</u> an attorney to assume representation of a civil litigant.  Accordingly, the Magistrate

Judge's decision was not in error and the Plaintiff's Objections are overruled.[4]

### D.  "Motion to Rule on Facts, Statutes of Law"

Since the inception of this litigation, the Plaintiff has frequently moved **(# 17, 33, 51, 81)**

for provisional injunctive relief in the form of release from administrative segregation, among

other things.  On November 18, 2008, the Magistrate Judge recommended **(# 64)** that several of

those motions be denied, and shortly thereafter, the Plaintiff filed Objections **(# 70)** to that

recommendation.  On January 29, 2009, while those Objections were pending, the Plaintiff filed

the instant "Motion to Rule on Facts, Statutes of Law" **(# 89)**, which requested that the Court

"conduct a hearing on . . . the preliminary and injunctive relief requested by the Plaintiff" and

otherwise reasserted the Plaintiff's belief that he was entitled to such injunctive relief.

The Court construes this motion as one requesting an expedited determination of his

Objections to the Magistrate Judge's recommendation on his motions for injunctive relief.  By

Order **(# 102)** dated February 12, 2009, the Court overruled the Plaintiff's Objections and

adopted the Magistrate Judge's recommendation, denying the requests for injunctive relief.  This

---

[4]The Court notes that an attorney did voluntarily enter an appearance on behalf of the Plaintiff in April 2009 **(# 158)**, and that in July 2009, the Plaintiff requested and obtained permission to discharge that attorney **(# 199)** and resume his *pro se* status.

effectively mooted the Plaintiff's motion at Docket # 89.  Accordingly, that motion is denied as moot.

### E.  Motion for Emergency Relief

On December 22, 2009, the Plaintiff filed a Motion for Emergency Relief **(# 79)**.  Noting that he had been granted leave to file an amended complaint, the Plaintiff complained that prison officials had refused his request to make photocopies of that document while his inmate account balance was in arrears, and that he lacks the ability to pay for postage to mail the amended complaint.  The nature of the relief requested in this motion is unclear – the Plaintiff himself asks only for "some form of relief," which apparently includes an extension of deadline by which he was to file the amended complaint.

By Order dated February 2, 2009, the Magistrate Judge denied **(# 94)** that motion, citing cases for the proposition that a prisoner's constitutional right of access to the Court does not include the right to unlimited photocopies.  The Magistrate Judge further found that the Plaintiff has filed numerous documents, including a proposed amended complaint in conjunction with his class certification motion, and thus, his complaints of having inadequate access to photocopies and postage were disingenuous.  On February 10, 2009, the Plaintiff filed the instant Objections **(# 101)** to the Magistrate Judge's February 2, 2009 Order, essentially reasserting the same arguments that he presented to the Magistrate Judge and responding to certain observations made by the Magistrate Judge in that Order that were apparently germane to a different motion.

The Court has reviewed the Plaintiff's Objections under the "clearly erroneous or contrary to law" standard of Rule 72(a) as discussed above.  Upon such review, the Court cannot say that the Magistrate Judge's ruling was either clearly erroneous or contrary to law.  The

Magistrate Judge correctly cited caselaw for the proposition that inmates' constitutional right of access to the Courts does not translate into unlimited access to photocopies, and in the absence of a more clear statement by the Plaintiff of the relief he sought, this finding was sufficient to dispose of his motion.  Moreover, this Court notes that two weeks after filing his Objections, the Plaintiff filed an Amended Complaint **(# 124)**, and approximately six weeks later, filed another version of the Amended Complaint **(# 150)**.  Whether these filings indicate that the Plaintiff was able to resolve his issues concerning photocopying and postage or not, it is clear that any need the Plaintiff may have once had for "emergency relief" on this point has now abated.  Accordingly, the Plaintiff's Objections are overruled.

For the foregoing reasons, the Defendants' Motions to Dismiss **(# 54, 56)** and the Plaintiff's Motion to Strike **(# 63)** are **DENIED AS MOOT**.  The Plaintiff's Motion to Certify Class **(# 77)** is **DENIED**.  The Plaintiff's Objections **(# 80, 145)** are **OVERRULED**, and the Magistrate Judge's December 3, 2008 Order **(# 76)** is **AFFIRMED**.  The Plaintiff's Motion for Ruling **(# 89)** is **DENIED AS MOOT**.  The Plaintiff's Objections **(# 101)** are **OVERRULED**, and the Magistrate Judge's February 2, 2009 Order **(# 94)** is **AFFIRMED**.

Dated this 14th day of August, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

8