IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

BILL RITTER, Governor of the State of Colorado,
ARISTEDES W. ZAVARAS, Executive Director,
MARK BROADUS,
PAUL HOLLENBECK
WARDEN ARELLANO,
CAPTAIN HALL,
LEONARD VIGIL,
DAVID M. ZUPAN,
MRS. DONNA WEBSTER,
LT. M. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
DR. MICHAUD, and
LT. ROBERT STEINBECK,

    Defendant(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Injunctive Relief** [Docket No. 183; Filed June 30, 2009] ("First Motion") and **Motion for Injunctive Relief** [Docket No. 184; Filed June 30, 2009] ("Second Motion") [collectively, the "Motions"].  Defendants filed a single Response to the Motions on July 20, 2009 [Docket No. 209], but Plaintiff did

not file a reply.  The Motions have been fully briefed and are ripe for resolution.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation.  The Court has reviewed the Motions, Defendants' Responses, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions [##183 and 184] be **DENIED as moot**.

### I. Background

At the time Plaintiff filed the Motions, he was incarcerated at the Centennial Correctional Facility ("CCF") in Canon City, Colorado [Docket No. 44].  However, as of July 20, 2009, Plaintiff informed the Court that he had been transferred to a new facility, the Colorado State Prison ("CSP") in Canon City, Colorado [Docket No. 202].

Plaintiff's physical location is pertinent to the injuries he alleges in each Motion. Specifically, the First Motion pertains to conditions at CCF where Plaintiff contends that he was wrongfully placed in administrative segregation and denied access to the Court.  *First Motion* [#183] at 2-3.  Plaintiff asks to be released from administrative segregation and/or to be provided with adequate law library access, paper and writing utensils.  *Id.* at 3-4.  In the Second Motion, which also pertains to conditions at CCF, Plaintiff contends that parties and nonparties retaliated against him for the filing of this lawsuit and for naming them and their colleagues as Defendants.  *Second Motion* [#184] at 2-3.  Plaintiff again asks to be released from administrative segregation and to have the unit where he is housed "placed

---

[1] The Motions were filed by Plaintiff's *pro bono* counsel.  During the pendency of the Motions, Plaintiff asked the Court to terminate his counsel's services [Docket No. 193], and the Court did so.  Thereafter, Plaintiff was given a deadline to file a reply *pro se* [Docket No. 213], but failed to do so by that deadline.

under audio and video surveillance so long as he is confined to that unit." *Id.* at 3.

## II. Standard of Review

As a preliminary matter, because the Motions are based upon pleadings written by Plaintiff while he was proceeding *pro se*, and given Plaintiff's current *pro se* status, the Court construes his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

## III. Injunctive Relief

Because Plaintiff is no longer incarcerated at CCF, the specific injuries Plaintiff seeks to remedy no longer exist in the form complained of in the pending Motions. Therefore, I find that the Motions, as they pertain to conditions and conduct of individuals located at CCF, are moot.[2] *See Parker v. Ritter*, 08-cv-00737-MSK-KLM, 2009 WL 367767, at *1 (D. Colo. Feb. 13, 2009) (unpublished decision) (recognizing that where facility-specific conditions and injuries are alleged, inmate's transfer to new facility operates to moot any pending motions for injunctive relief); *see also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (noting "the uncontroversial proposition that when a prisoner who seeks

---

[2] Further, I note that Applicant's allegations regarding placement in administrative segregation at CCF and that individuals at CCF retaliated against him were previously addressed in a prior motion for injunctive relief and found not to rise to the level of conditions creating a substantial risk of irreparable injury. *See Order* [#102] at 6; *Recommendation* [#64] at 8-9, 11-12.

3

injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot" (citation omitted)). Accordingly, where "entry of injunctive relief in [Plaintiff's] favor would have no effect" on his present conditions (particularly considering that the Court is unaware with any specificity of Plaintiff's post-transfer conditions), Plaintiff's motions for preliminary injunction to address the conditions as they existed at CCF must be denied. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (recognizing that a transfer to a different jail moots injunctive claims pertaining to former facility (citation omitted)); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (noting that prisoner's injunctive claims regarding his prison conditions were mooted by his transfer to a different prison unit).[3]

## IV. Conclusion

Accordingly, I respectfully **RECOMMEND** that the Motions [##183 and 184] be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

---

[3] To the extent that Plaintiff raises new claims for injunctive relief in a motion filed after his transfer [Docket No. 216-2], those claims can and will be addressed upon briefing of that motion. At present, the Court notes that the motion has not been referred to me for resolution.

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 27, 2009

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                U.S. Magistrate Judge