IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

      Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
MR. LEONARD VIGIL,
MR. DAVID M. ZUPAN,
MRS. D. WEBSTER,
LT. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
MR. DR. [sic] MCHAUD, and
LT. ROBERT STEINBECK,

      Defendant(s).

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion [sic] Discovery – Rule 37** [Docket No. 253; Filed October 13, 2009] ("Motion No. 253"); **Motion [sic] Failure to Make Disclosures or to Cooperate in Discovery:  Sanctions** [Docket No. 255; Filed October 13, 2009] ("Motion No. 255"); **Motion [sic] Preliminary Injunction/Injunctive Relief** [Docket No. 256; Filed October 13, 2009] ("Motion No. 256"); **Motion [sic] Plaintiff's Request for Production of Documents** [Docket No. 257; Filed October 13, 2009] ("Motion

No. 257"); **Motion to Dispose of or Conduct Hearing on Injunctive Motions Filed** [Docket No. 258; Filed October 13, 2009] ("Motion No. 258").  On October 13, 2009, Plaintiff filed five motions and an additional certification [Docket No. 254] totaling approximately twenty pages seeking discovery or injunctive relief.  A predominant theme of the motions is that nonparty individuals at the Colorado State Penitentiary ("CSP") in Canon City, Colorado are depriving Plaintiff of adequate access to legal supplies, paper, photocopies, telephone calls and money for postage.

IT IS HEREBY **ORDERED** that Motion No. 253 is **DENIED**.  The Motion asks the Court to order nonparties at CSP to "allow the Plaintiff a certain amount of phone calls for discovery purposes."  *Motion* [#253] at 2.  It is well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.  It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper federal-state relations.'"  *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted).  Moreover, Plaintiff has failed to direct the Court to any law or statute which justifies a request for free phone calls that deviates from the prison's ordinary allotment, nor is the Court aware of any.  *See, e.g.*, *Bell v. Wallace*, No. 07-cv-00496, REB-MEH, 2008 WL 269441, at *2 (D. Colo. Jan. 29, 2008) (unpublished decision).

Further, to the extent that Plaintiff contends that his *in forma pauperis* status entitles

him to free postage and paper at his discretion, "prisoners do not have an unlimited right

to free postage [and supplies] in connection with the right of access to the courts." *Twyman*

*v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978); *see also Harrison v. Bent County Corr.*

*Facility*, 24 Fed. Appx. 965, 967 (10th Cir. 2001) (noting that prison's refusal to make

unlimited copies for an inmate in arrears, particularly where inmate could articulate no clear

injury, did not amount to a constitutional violation); *Negron v. Golder*, 111 P.3d 538, 544

(Colo. Ct. App. 2004) (holding that reasonable restrictions placed on inmate's access to

legal supplies did not amount to a constitutional violation); *Pruitt v. Hess*, 923 P.2d 325,

327-28 (Colo. Ct. App. 1996) (same).  Finally, the Court notes that a review of the record

belies Plaintiff's contention that he is not being provided with adequate tools to litigate his

case.  His filings on October 13, 2009 alone indicate that he has ample paper, pens,

postage and access to the law library (given the amount of caselaw cited therein) to belie

any assertion that Plaintiff is suffering from a legally justiciable injury.

IT IS HEREBY **ORDERED** that Motion No. 255 is **DENIED**.  On September 29,

2009, the Court denied a similar motion filed by Plaintiff because he failed to comply with

D.C. Colo. L. Civ. R. 37.1 and Fed. R. Civ. P. 5.  While Plaintiff has now filed a certification

pursuant to Rule 5 which purports to certify that he served forty document requests upon

Defendants [Docket No. 254], the present Motion fails to "set forth verbatim the

interrogatory, request, and response to which the motion is directed" as required by Local

Rule 37.1.  To this end, Plaintiff contends that he does not have enough paper and supplies

to comply with the rule.  Given the number of pleadings filed by Plaintiff on October 13,

2009, and throughout this case, the Court rejects Plaintiff's contention that he should be

excused from complying with the Local Rules.  *See Nielson v. Price*, 17 F.3d 1276, 1277

(10th Cir. 1994).  Further, the Court notes Plaintiff's recent decision to force the dismissal of his *pro bono* attorney [Docket No. 213].  He should not be heard to complain now that his *pro se* status relieves him of his responsibilities as a voluntary litigant in a federal lawsuit when he chose not to avail himself of the services of his Court-provided attorney.

IT IS HEREBY **ORDERED** that Motion No. 256 is **HELD IN ABEYANCE** pending further briefing.

IT IS FURTHER **ORDERED** that Defendants shall file a Response to Motion No. 256 on or before **November 6, 2009**.  Plaintiff's Reply, if any, shall be filed no later than **November 26, 2009**.  The Court notes that this is at least the tenth motion for injunctive relief filed by Plaintiff in this case.  Until such time as Motion No. 256 is resolved, **Plaintiff shall not file any additional motions for injunctive relief**.

IT IS HEREBY **ORDERED** that Motion No. 257 is **DENIED**.  The "Motion" purports to be a new set of twenty-two document requests propounded on Defendants.  Such requests shall not be filed with the Court, but must be served on opposing counsel.  To the extent that Plaintiff has not already exceeded his limit for document requests set in this case [Docket No. 179], the Court notes that Defendants' responses to Plaintiff's discovery requests are due within thirty days of the date of service pursuant to Fed. R. Civ. P. 34(b)(2).

IT IS HEREBY **ORDERED** that Motion No. 258 is **DENIED**.  The Motion seeks similar relief requested in Plaintiff's Motion No. 256.  To the extent that Plaintiff seeks a hearing related to his motion for injunctive relief pending before me, the decision regarding whether a hearing is necessary will be ruled on after briefing of and in conjunction with

Motion No. 256.  Further, to the extent that Plaintiff seeks a hearing on other pending motions for injunctive relief, the motions are before the District Judge assigned to this matter and she maintains the discretion in determining whether to conduct a hearing regardless of the present Motion.  Given Plaintiff's alleged lack of legal supplies, it would serve him well not to file redundant or unnecessary pleadings, particularly when the relief requested is and can be resolved via another motion.  The Court reminds Plaintiff of the warning given to him in my Order issued on July 22, 2009.  "Plaintiff is warned that [Rule 11] sanctions will follow if he continues to inundate the Court with needless . . . pleadings which only serve to delay the Court's and the parties' ability to litigate the merits of the case.  As is true for all litigants in this Court, Plaintiff must exercise discretion in choosing to file pleadings."  *Order* [#213] at 6 n.2.

Dated:  October 15, 2009

                                                    BY THE COURT:

                                                     s/ Kristen L. Mix
                                                    U.S. Magistrate Judge
                                                    Kristen L. Mix