IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

   Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
MR. LEONARD VIGIL,
MR. DAVID M. ZUPAN,
MRS. D. WEBSTER,
LT. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
MR. DR. [sic] MCHAUD, and
LT. ROBERT STEINBECK,

   Defendants.
_____

# MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on Plaintiff's **Motion Rule 37: Failure to Make Disclosures or to Cooperate in Discovery: Sanctions** [Docket No. 279; Filed November 9, 2009] ("Motion No. 279") and Plaintiff's **Motion for Extension of Time Discovery Date [sic]** [Docket No. 284; Filed November 13, 2009] ("Motion No. 284").

   IT IS HEREBY **ORDERED** that Motion No. 279 is **DENIED**.  The Motion is not entirely clear.  Although the Motion is styled as a motion for discovery sanctions, it seems

from the text of the Motion that the Plaintiff seeks reconsideration of a Court Order on a previously filed motion dealing with his requests for document production. The Plaintiff has filed numerous motions with the Court, and the Motion does not specify which prior Order he wants the Court to reconsider. He requests an order compelling production of seventeen documents that he claims he has requested from the Defendants. The Court has reviewed the docket and finds a similar motion was filed on October 13, 2009, entitled "Motion – Failure to Make Disclosures or to Cooperate in Discovery: Sanctions Rule 37(a)" [Docket No. 255]. The Court denied that motion in its Order of October 15, 2009 [Docket No. 265]. The Court will construe the instant motion as a motion for reconsideration of that decision.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The Plaintiff seems to assert that the Court misapprehended the facts and made a clear error. At issue is the Plaintiff's claim that he mailed to Defendants forty requests for document production on August 17, 2009, and that Defendants have not yet produced the responsive documents. The Court denied the Plaintiff's earlier motion because the Plaintiff

failed to "set forth verbatim the interrogatory, request, and response to which the motion is directed" as required by D.C. Colo. L. Civ. R. 37.1. The Plaintiff once again has failed to comply with the rule.[1] Furthermore, the Plaintiff seems to be raising again issues addressed and resolved in the Court's Order on the Plaintiff's "Motion for Rule 16 Pre-trial Hearing" [Docket No. 283]. Accordingly, the Court made no clear error that warrants granting this motion to reconsider.

IT IS HEREBY **ORDERED** that Motion No. 284 shall be addressed at a hearing to be held on **November 24, 2009 at 11:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Counsel for Defendants shall appear in person. Plaintiff shall participate by telephone by contacting Chambers at **(303) 335-2770**.

IT IS FURTHER **ORDERED** that a copy of this Minute Order shall be mailed to

---

[1] The Plaintiff may think that he has complied with the rule, as he states in his motion that "[h]ere in the motion to compell [sic] is [sic] only (17) request [sic] for production of documents." p. 2, #279. He further explains that the other twenty-three requests are at a law school that has agreed to make copies for him but that he has a copy of the first seventeen requests and "wrote them down per verbatim as so stated by the Court." *Id.* There are no requests included with the Motion, nor were there any requests included with the previously filed motion to compel. In a separate previous motion [#257], the Plaintiff did set forth some document requests verbatim. It is possible that the Plaintiff believes he complied with the rule by filing that motion. That motion was denied by the Court as improperly filed because the Plaintiff needed to send the request to the Defendants and not file it with the Court [#265]. The Plaintiff subsequently filed a motion for a discovery hearing [#266] which made clear that he intended for Motion #257 to re-iterate previously made document requests. The Court denied that motion, as the defendants' response made clear that they first learned of the requests in the motion, and were in the process of complying [#283]. As mentioned above, the instant motion seems to raise again an issue that was resolved in that Order. The Defendants were given a deadline of November 12, 2009, to produce the documents requested in Motion #257. Motion #257 included twelve requests, however, not seventeen (Requests #1-6; #11-15; #22).

3

Plaintiff Keith Parker #101464, Colorado State Penitentiary (CSP), P.O. Box 777, Canon City, CO 81215-0777.

Dated:  November 17, 2009