IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
MR. LEONARD VIGIL,
MR. DAVID M. ZUPAN,
MRS. D. WEBSTER,
LT. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
MR. DR. [sic] MCHAUD, and
LT. ROBERT STEINBECK,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion [sic] Writ of Mandamus – Motion to Compel** [Docket No. 302; Filed December 14, 2009] ("Motion No. 302"); Plaintiff's **Motion [sic] Failure to Make Disclosures or to Cooperate in Discovery: Sanctions** [Docket No. 303; Filed December 14, 2009] ("Motion No. 303"); and Plaintiff's **Motion [sic] Failure to Make Disclosures or to Cooperate in Discovery** [Docket No. 304; Filed December 14, 2010] ("Motion No. 304"). Defendants responded to Motion No.

302 [Docket No. 306; Filed January 4, 2010] and to Motion Nos. 303 and 304 [Docket No. 307; Filed January 4, 2010], the deadline for any reply from Plaintiff has passed, and the motions are now ripe for resolution.

As a preliminary matter, the Court notes that Plaintiff disregarded the Court's instructions in the Scheduling Order [Docket No. 181] and failed to confer with Defendants prior to filing Motion Nos. 303 and 304. The Court will resolve the instant motions but Plaintiff is strongly admonished to follow the Court's instructions in the future. Any future discovery motion that does not include certification that Plaintiff attempted to resolve the dispute with Defendants prior to filing will be summarily stricken.

**I.    Motion No. 302**

In Motion No. 302, Plaintiff complains that because he has spent his money paying for supplies necessary to his pursuit of this litigation, he has not had sufficient funds to pay for the hygiene kits sold by the prison. He asserts that he therefore is being forced to choose between personal hygiene and his constitutional right of access to the courts. Plaintiff asks the Court to hold a hearing on his allegations and provide him with "legal supplies" and photocopies, and, citing *Cohen v. Ford*, 339 A.2d 175 (Pa. 1975), he chooses to frame his request as a request of writ of mandamus. However, Plaintiff fails to allege, much less establish, any of the elements necessary to demonstrate that he is entitled to mandamus relief from a federal court. *See* 28 U.S.C. § 1361; *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (setting forth requirements for court's issuing writ of mandamus).

Furthermore, Defendants have demonstrated that Plaintiff's argument is without

merit. Defendants maintain that according to Colorado Department of Corrections ("CDOC") policy regarding hygiene kits, Plaintiff is able to obtain a hygiene kit regardless of the amount of money in his account. Defendants cite the applicable CDOC policy: "Hygiene kits may be issued regardless of indigency status. [. . .] Offenders will be allowed to overdraw their account to purchase a hygiene kit. [. . .] Hygiene kits will not be denied regardless of an offender's account balance." *Administrative Regulation 850-14* [#306] at 2. The only argument Plaintiff makes in support of his claim that he is denied hygiene kits is that his account balance is overdrawn. As set forth in the applicable policy cited above, this argument lacks merit. Accordingly, the Court will **DENY** Motion No. 302.

**II.    Motion No. 303**

In Motion No. 303, Plaintiff argues that Defendants' objections to his Interrogatories Nos. 57, 58, 69, and 72 are improper and requests that the Court compel discovery. The Court considers each Interrogatory in turn.

A.    <u>Interrogatory No. 57</u>

> Is it not a fact that all defendants in this claim . . . have a State, Federal Constitutional duty to respect, and honor, reserve and uphold all the plaintiff Constitutional rights, First Amendment, Fifth Amend.[,] Eighth Amendment, Fourteenth Amendment [sic] all other rights.

Defendants object because the question asks for a legal conclusion. *See Defendants' Responses to Plaintiff's Interrogatories*, Docket No. 307-2, at 15. The Court finds that this objection is appropriate. "[I]nterrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case." *Holland v. GMAC Mortgage*, No. Civ.A.03-2666-CM-DJW, 2005 WL 1285678, at *3 (D. Kan. May 27, 2005) (citing

3

F<small>ED</small>.R.C<small>IV</small>.P. 33(c) Advisory Committee's note to 1970 amendment). Plaintiff's case concerns allegations that Defendants violated his rights under the Eighth and Fourteenth Amendments by segregating him and not classifying him as "protective custody," that Defendants failed to protect him from assaults by other inmates in violation of the Eighth Amendment, that he has been denied access to the courts in violation of his First Amendment rights, and that he has been retaliated against for filing grievances and this lawsuit. *See* Amended Complaint, Docket No. 191, at 13-18. Plaintiff's interrogatory is a question of "pure law," as it makes a broad reference to all of Plaintiff's Constitutional rights. Furthermore, even Plaintiff's reference to the rights at issue in the case are of a general nature, seeking information beyond the scope of the specific allegations in this lawsuit. Defendants' objection to Interrogatory No. 57 is sustained.

B.   Interrogatory No. 58

> Is it not a fact all these rights and violations where [sic] established before, during[,] after this claim (by) and not limited to affadavits [sic], grievances, letters and phone calls by lawyers, and plaintiffs [sic] family.

Defendants object to this request as calling for a legal conclusion and as vague, ambiguous, and unintelligible. *Defendants' Responses* [#307-2] at 15. The Court finds that this objection is appropriate, as the interrogatory is unclear and the reference to unspecified affidavits, grievances, letters, and phone calls is vague and unanswerable. In his Motion No. 303, Plaintiff asserts that this is a "plain and simple" interrogatory "stateing [sic] and asking do the plaintiff have these rights," which he says are the same rights that he references in Interrogatory No. 57. Even assuming the interrogatory is intelligible and has the meaning Plaintiff gives it in the Motion, Defendants' objection remains appropriate, for the same reasons that their objection to Interrogatory No. 57 is appropriate. Defendants'

objection to Interrogatory No. 58 is sustained.

C.  Interrogatory No. 69

> The plaintiff ask Mrs. Jones Warden do or is it her policy (D.O.C.) To [sic] allow the regular library librarian to come around to offenders on Ad. Seg. at C.S.P. And deliver books to their door.

Defendants explain that they responded that "[i]t is part of the legal access policy of CSP for the legal assistant at the law library to visit the offender's [sic] in administrative segregation and deliver/pick up legal materials." *Response* [#307] at 4. Defendants also state that they have made an adequate response because they produced documents relating to CSP law clerk policies. *Id.* Plaintiff argues that the response is evasive as he "stated not one thing about [a] law library." *Motion* [#303] at 3.

The Court is without sufficient knowledge of CSP to know whether it has both a law library and a "regular library." However, Plaintiff's interrogatory inquires about the CSP policy as to the "regular library librarian." Accordingly, Defendants are directed to respond to Interrogatory No. 69 as to the "regular library librarian." Defendants' objection to Interrogatory No. 69 is overruled.

D.  Interrogatory No. 72

> This interrogatory, question is directed toward and for Mr. Bill Ritter Governor of Colorado and Mr. Aristedes C.D.O.C., Executive Director, Mr. Leonard Vigil Gang Intelligence Administrator for C.D.O.C. In the case of Ramos v. Lamm 639 F.2d 559 C.A. Colo. 1980 United States District Court for the District of Colorado Hon. Judge John L. Kane, Jr. Rule on Constitutional Violation number (1) Inmate Personnel [sic] safety. Honorable Judge John L. Kane rule'd [sic] that Colorado Department of Corrections was Unconstitutional unsafe and violated offenders rights to be safe from tension, anxiety and fear. And at that time Governor Richard D. Lamm and the Director of C.D.O.C. Mr. James G. Richetts had a Protective Custody houseing [sic] established inside of Colorado Department of Corrections (Cell house #3) but was still found unsafe, unconstitutional, so my question to

5

>named defendants how can Colorado Department Corrections be found to be safe. [sic] Constitutionally in line and not violating offenders [sic] constitutional rights (5th Amendment, 8th Amendment, 14th Amendment and Cruel and Unusual Punishment. [sic] When now August 2009 over (20) years later C.D.O.C. don't [sic] even have a Protective Custody houseing [sic] in C.D.O.C. When offenders in C.D.O.C. Protective Custody Offenders require protective custody. [sic] from violence, assaults, tension, anxiety, and fear, rapes.

Defendants object to the interrogatory because it calls for a legal conclusion. *Defendants' Responses* [#307-2] at 20-21. Plaintiff contends that the interrogatory does not call for a legal conclusion because "the decree is public information." *Motion* [#303] at 4. Plaintiff attempts to clarify that the information he seeks in response to this interrogatory is "what did the court decree concerning the defendants Ramos v. Lamm to [sic] do come into compliance with the Judge's ruling." *Id.* In their Response to Plaintiff's Motion, Defendants elaborate that they object because the interrogatory "appears to provide Plaintiff's perspective or reading and evaluation of a 20 year old opinion relating to prison conditions and then asks defendants to opine upon Plaintiff's interpretation of that opinion." *Response* [#307] at 5.

The fact that the opinion is matter of public record is irrelevant. To the extent that the interrogatory seeks information on CDOC's current "protective custody" policies, Defendants maintain that they provided that information in response to other interrogatories and requests for production. *Response* [#307] at 5 (citing Responses to Interrogatory Nos. 5, 6, 7, 10, 13, 19, 41). The Court's review of those responses confirms that the responses do relate to "protective custody" policies. *See Defendants' Responses* [#307-2] at 3-5, 6, 11-12. To the extent that Plaintiff intended Interrogatory No. 72 to request information other than current policies, such as what specific actions CDOC took twenty years ago, the Court finds that information is irrelevant to the instant lawsuit. *See* FED.R.CIV.P. 26(b)(1)

(discovery sought must "appear[] reasonably calculated to lead to the discovery of admissible evidence"); *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense). Defendants' objection to Interrogatory No. 72 is sustained.

### III. Motion No. 304

In Motion No. 304, Plaintiff requests that the Court compel production of documents in response to his Requests Nos. 1, 5, 7, 10, and 12.

A. <u>Request No. 1</u>

> Plaintiff request [sic] under Rule 34, Rule 26 that the defendants make for inspection and copying the plaintiffs [sic] institutional file, (A) Executive orders, evidentiary materials all correspondence from the plaintiff to all any Colorado Department of Corrections, staff, agents, officers Plaintiff request [sic] to inspect and copy "only" evidentiary materials not unlimited hunt for anything [sic] Plaintiff request [sic] a projected date of within "15" days of the AG's office reciving [sic] those request [sic] October 8, 2009. Plaintiff's entire Institutional file is in itself is [sic] a computation, compilation of discovery needed in this claim.

Defendant objects to the request on a variety of grounds but apparently produced portions of the file; Defendants further listed, in their privilege log, those portions of the file that they deemed "security sensitive documents." *See Response* [#307] at 6. Plaintiff apparently does not seek production of additional documents but complains that some of the documents produced pertain to another inmate and are duplicate copies, blank papers, "forms" (presumably blank ones), and documents that are inadmissible. *Motion* [#304] at 2. As Plaintiff himself notes, he previously lodged this complaint with the Court, and the Court clarified with Plaintiff that he was not alleging that Defendants failed to provide documents, only that incorrect ones were also submitted. *See* Motion to Correct Error

7

Made by Defendants Concerning Discovery, Docket No. 292; Minute Order of November 24, 2009, Docket No. 294.  Plaintiff here still complains only that he has received information that he did *not* request or that is otherwise useless to him; he makes no argument that in response to Request No. 1, Defendants wrongfully withheld portions of the file that he *did* request.  Plaintiff is free to ignore or discard documents which he feels that he does not need.  Because Plaintiff does not assert that Defendants have failed to produce properly discoverable documents, Defendants' objection to Request No. 1 is sustained.

B.     Request No. 5

> Plaintiff request [sic] all transfer, custody records which includes a copy of the plaintiff's enemy list with a [sic] illustration to the courts what custody means such as what do [sic] S.T.G. means [sic].

In Motion No. 304, Plaintiff states simply that "[t]his request has not been honored no enemy list, separation has been sent to the plaintiff up to date list November - December 2009."  Defendants objected to the request as vague and ambiguous and because it "seeks the disclosure of confidential security intelligence that cannot be released to any inmate." *Defendants' Responses to Plaintiff's Request for Production of Documents* [#307-3] at 3-4.  In their Response, Defendants note that they "do not have an 'enemy list' for inmates" and that "[t]o the extent Plaintiff requested a list of all offenders with whom custody issues exist, Defendants objected because the Request seeks disclosure of confidential security intelligence that cannot be released to any inmate." *Response* [#307] at 7.  Defendants explain that disclosure of any list of inmates with whom Plaintiff has "custody issues" would "contain the names of inmates who are fearful of the Plaintiff and have identified Plaintiff as a custody threat." *Id.*

The Court recognizes that certain information and documents requested by Plaintiff could constitute "confidential security intelligence." *See Fourhorn v. City and County of Denver*, — F.R.D. ----, No. 08-cv-01693-MSK-KLM, 2009 WL 3077210, at *4 (D. Colo. Sept. 22, 2009) (noting "ample caselaw addressing issues related to jail or prison security and safety concerns reflects a broad policy against Court interference in matters which affect those concerns); *see also Thornburg v. Abbott*, 490 U.S. 401, 415 (1989) (noting that goal of protecting prison security is "beyond question"); *Whitington v. Sokol*, No. 06-cv-01245-EWN-CBS, 2008 WL 435277, at *1-2 (D. Colo. Feb. 14, 2008) (noting "[f]ederal common law recognizes an 'official information' privilege that extends to security considerations applicable to correctional facilities").

The Court construes Request No. 5 as primarily seeking a copy of any document containing a list of Plaintiff's alleged "enemies." The Court understands Defendants' Response to indicate that any list of offenders with whom Plaintiff has custody issues would contain the names of those inmates who have expressed fear of Plaintiff, and that disclosure of such names to Plaintiff would pose a security problem. *Response* [#307] at 7. However, Defendants have not demonstrated that the names of inmates who have expressed fear of Plaintiff or who have otherwise been identified as Plaintiff's "enemies" could not be redacted from any such list, leaving for disclosure only those inmates whom Plaintiff has identified as his purported "enemies." Accordingly, the Court orders Defendants to produce to Plaintiff any list maintained by CDOC which contains the names of those inmates who Plaintiff has identified as his "enemies" on or before **February 10, 2010**. All other names on any such list may be redacted.

The Court further notes that Plaintiff has requested a "record" defining "S.T.G.,"

which is apparently an abbreviation used by CDOC in reference to certain custody issues. Defendants have not specifically responded to this portion of Request No. 5. Defendants are directed to respond to this request, either by objection or by producing the requested information, on or before **February 10, 2010**. As set forth above, Defendants' objection to Request No. 5 is overruled.

C.  Request No. 7

> The plaintiff request [sic] all procedural and other manuals which pertain to Protective Custody Inmates, Manuals on Protective Custody, Inmates and Protective Custody Housing, Procedural Policy on Protective Custody. . . In Colorado Department of Corrections.

Defendants object to providing the responsive document, which they identify as "CDOC Case Management Manual: Custody Issues" because they classify it as a confidential document not to be provided to offenders. *Defendants' Responses* [#307-3] at 4. They also explain that CDOC does not have a "protective custody" unit or facility, and thus there are no manuals or policies specifically about "protective custody." *Id.* In Motion No. 304, Plaintiff argues that "[t]he Manuals on Protective Custody, Manual on Custody Issues are or is the 'Foundation' to the plaintiff's claims, [sic] And for the U.S. Dist. Court to see, understand also." *Motion* [#304] at 4. Defendants respond that they have provided Plaintiff the Administrative Regulation 600-01, which relates to classification of offenders, as well as other information regarding how CDOC classifies offenders in its responses to Plaintiff's Interrogatories. *Response* [#307] at 8. Plaintiff makes no argument as to why the information he has received is not sufficient, or why the CDOC Case Management Manual: Custody Issues is not properly deemed confidential. Accordingly, his request that the Court compel production of the case management manual is denied. *See, e.g.*, *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002) (discussing Court's role in

balancing party's need for documents against harm of disclosure in context of whether to grant protective order). Defendants' objection to Request No. 7 is sustained.

D.  Request No. 10

> The plaintiff request [sic] the Legislative Committee and or sub-committee on Colorado Department of Corrections, policies concerning Inter-State Compact transfer's [sic] for Protective Custody Offenders in the State of Colorado transferred out-of state for Protective Custody Issues and or any Protective Custody directives that are manufactures [sic] created for Colorado Department of Corrections to follow, guidelines from the Colorado legislature makes policy, policies for C.D.O.C.

Defendants object on grounds that the request is burdensome, overly broad, and they do not possess the requested documents. *Defendants' Responses* [#307-3] at 5. In Motion No. 304, Plaintiff makes no argument to persuade the Court that an order compelling production is warranted. Therefore, the Court finds that Defendants' objection is reasonable and it is sustained.

E.  Request No. 12

> The plaintiff request [sic] the report from the officer concerning the plaintiff alleging [sic] spitting on a [sic] offender Trujillo dated 11/10/08.

Defendants object on the ground that no such document exists; "no reports were written as this 'spitting' incident was not witnessed by staff" but rather was reported to staff by an offender. *Defendants' Responses* [#307-3] at 6. Plaintiff correctly points out that in response to Interrogatory No. 63, Defendants reference a report written by staff about the November 10, 2008, incident. *See Defendants' Responses* [#307-2] at 17. Plaintiff also attaches to Motion No. 304 a notice of an administrative segregation hearing on the incident, which references as its basis an "11/10/08 report [that] was written by staff." *See Motion* [#304] at 9. Defendants do not argue that the requested document is irrelevant.

The Court grants Plaintiff's request to compel production of the "11/10/08 report"

11

referenced in the notice for the administrative segregation hearing. Defendants shall produce the requested report on or before **February 10, 2010**. Defendants' objection to Request No. 12 is overruled.

F. <u>Request No. 15</u>

> The plaintiff request [sic] all S.T.G. Security Threat Group documents, letters, papers, Electronic Messages from Mr. Leonard Vigil Mr. Steve Lucero, Mr. Leonard Vigil (Classification Administrator) (Mr. Steve Lucero Arkansas Valley Facility), (Mr. McCormick Gang Intelligence at Buena Vista Facility) (Mr. Piper Gang Intelligence) at Limon Facility) (Mr. Fox (Gang Intelligence at Limon Facility) (Mr. Foster Captain at C.S.P. Gang Intelligence) (Mr. Barr Gang Intell at C.S.P.) and (Sgt. Dent Gang Intell at C.S.P. and C.C.F.) These are all gang Intelligence Administrators and officers and agents who have individual "personal records" concerning the plaintiff, concerning gangs, security threat groups.

Defendants object because they argue that the information requested goes beyond the scope of permissible discovery. *Defendants' Responses* [#307-3] at 6. Citing COLO. REV. STAT. § 24-72-305(5) (2006), they also object on the basis of privilege, to the extent that the Request seeks disclosure of confidential security intelligence and information. *Id.* In their Response, Defendants elaborate, arguing that the request is overbroad because "[i]t encompasses all documents whether [or not] they relate to the alleged assault that forms the basis of Plaintiff's Amended Complaint." *Response* [#307] at 10. They also argue that the "documents constitute gang intelligence gathered by a criminal justice agency." *Id.*

Plaintiff clarifies that what he seeks are the documents from the named individuals' files regarding steps taken by Defendants "in dealing with the 'gang threats' and plaintiff fearing for his life. Every time the plaintiff went and talked to security, case manager, administrators, sent letters" as well as any documented responses. *Motion* [#304] at 7. Plaintiff requests that the Court undertake an *in camera* review of the documents in

question and resolve whether the documents withheld by Defendants should be disclosed.

The Court agrees with Defendants that to the extent Plaintiff requests "all S.T.G. . . . . documents, letters, papers, Electronic Messages" from the listed Defendants, such discovery is clearly irrelevant to Plaintiff's case, as it would include information about other inmates unrelated to Plaintiff's claims. *See* FED.R.CIV.P. 26(b)(1) (providing that discovery relevant if information "appears reasonably calculated to lead to the discovery of admissible evidence"). However, to the extent that Plaintiff requests documents on file that discuss complaints made by Plaintiff – which Plaintiff describes as "[e]very time plaintiff went and talked to security, case manager, administrators, sent letters" – the Court orders Defendants either to produce those documents for *in camera* review or to disclose to Plaintiff that no such documents exist. Defendants shall comply by **February 10, 2010**. As set forth above, Defendants' objection to Request No. 15 is sustained in part and overruled in part.

**V.     Conclusion**

Accordingly,

IT IS HEREBY **ORDERED** that Motion No. 302 is **DENIED**.

IT IS **FURTHER ORDERED** that Motion No. 303 is **DENIED in part and GRANTED in part**. Motion No. 303 is denied as to Plaintiff's Interrogatory Nos. 57, 58, and 72 and granted as to Interrogatory No. 69. Defendants shall respond to Interrogatory No. 69 as specified on or before **February 10, 2010**.

IT IS **FURTHER ORDERED** that Motion No. 304 is **DENIED in part and GRANTED in part**. Motion No. 304 is denied as to Requests Nos. 1, 7, and 10 and granted, as specified above, as to Request No. 5, 12, and 15. Defendants shall produce to Defendant

documents requested in Request Nos. 5 and 12 on or before **February 10, 2010**. Defendants shall produce to the Court documents in response to Request No. 15 on or before **February 10, 2010**.

IT IS **FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of the exhibits he attached to Motion No. 304.  *Motion* [#304] at 9-13.


Dated:  January 28, 2010

                                         s/ Kristen L. Mix
                                         Kristen L. Mix
                                         United States Magistrate Judge