IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

     Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
MR. LEONARD VIGIL,
MR. DAVID M. ZUPAN,
MRS. D. WEBSTER,
LT. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
MR. DR. [sic] MCHAUD, and
LT. ROBERT STEINBECK,

     Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion [sic] Injunction – Preliminary Injunction** [Docket No. 309; Filed January 14, 2010] ("Motion No. 309"); Plaintiff's **Motion [sic] Emergency Motion for Injunctive Relief** [Docket No. 311; Filed January 21, 2010] ("Motion No. 311"); and Plaintiff's **Motion [sic] Failure to Make Disclosures or to Cooperate in Discovery: Sanctions** [Docket No. 312; Filed January 21, 2010] ("Motion No. 312").

IT IS HEREBY **ORDERED** that Motion No. 309 is **DENIED**.  In Motion No. 309, Plaintiff raises the same issue that he raised in a previous Motion, Plaintiff's Motion [sic] Writ of Mandamus – Motion to Compel [Docket No. 302; Filed December 14, 2009] ("Motion No. 302").  The Court denied Motion No. 302 in a previous Order [Docket No. 315].

IT IS **FURTHER ORDERED** that Motion No. 311 is **DENIED**.  In Motion No. 311, Plaintiff again complains that he lacks sufficient legal supplies to pursue this case.  The Court has already addressed this issue – at least once – with the Plaintiff.  *See* Order of October 15, 2009, Docket No. 265.  Specifically, Plaintiff here asserts that he deserves free ink pens.  Plaintiff notes in this Motion that CSP has given him, free-of-charge, a box of colored pencils.  *Motion* [#311] at 1.  Plaintiff therefore already has received assistance to which he is not entitled by law.  As explained in previous Orders, the government is under no obligation to provide Plaintiff with legal supplies of any kind, including pens.  *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978)("[P]risoners do not have an unlimited right to free postage [and supplies] in connection with the right of access to the courts."); *see also Negron v. Golder*, 111 P.3d 538, 544 (Colo. Ct. App. 2004) (holding that reasonable restrictions placed on inmate's access to legal supplies did not amount to a constitutional violation); *Pruitt v. Hess*, 923 P.2d 325, 327-28 (Colo. Ct. App. 1996) (same).  Further, despite his protestations of inadequate supplies, Plaintiff continues to file numerous unnecessary motions, such as this one, which reiterate arguments previously rejected by the Court.

IT IS **FURTHER ORDERED** that Motion No. 312 is **DENIED without prejudice**.  In

Motion No. 312, Plaintiff contends that on December 14, 2009, he mailed ten requests for admission to Defendants' counsel and that as of January 19, 2010, he had not received Defendants' response.  On September 29, 2009 and October 15, 2009, the Court denied similar motions filed by Plaintiff because he failed to comply with D.C. Colo. L. Civ. R. 37.1 [Docket Nos.  248 & 265].  The instant Motion also fails to "set forth verbatim the interrogatory, request, and response to which the motion is directed" as required by Local Rule 37.1.  As he has in past motions, Plaintiff contends that he does not have enough paper and supplies to comply with the rule.  The Court again rejects this contention, given the number of pleadings filed by Plaintiff throughout the pendency of this action, including three motions in the month of January alone.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Court notes that of the three motions presently before the court, two (Motion Nos. 309 & 311) are almost verbatim duplicates of motions previously filed.  In the third, Plaintiff flagrantly disregards a Local Rule which the Court has advised him of and directed him to follow on multiple occasions.  Further, in previous Orders [Dockets No. 213 & 291], this Court has warned Plaintiff that should he continue to inundate the Court with unnecessary pleadings, he will be subjected to Rule 11 Sanctions.  **The Court once again strongly admonishes Plaintiff that he must exercise discretion in choosing to file motions.  Any future filings that duplicate previous motions or that disregard the Local Rules will be summarily stricken.**

Dated:  January 29, 2010