IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
MR. LEONARD VIGIL,
MR. DAVID M. ZUPAN,
MRS. D. WEBSTER,
LT. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
MR. DR. [sic] MICHAUD, and
LT. ROBERT STEINBECK,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion [sic] Request to Conduct Injunction Hearing by Video Conference** [Docket No. 332; Filed February 19, 2010] ("Motion No. 332") and Plaintiff's **Motion Requesting to Use the Administrative Hearing Disk's Has a [sic] Exhibit, Evidence in the Hearing Injunction Hearing** [Docket No. 334; Filed February 23, 2010] ("Motion No. 334").

    IT IS HEREBY **ORDERED** that Motion No. 332 is **DENIED**.  In Motion No. 332,

Plaintiff requests that the preliminary injunction hearing set in this matter for March 1, 2010, be held as a "Video Conference." Plaintiff states that during the hearing he will be in "restraints, belly-chains, leg-irons handcuff behind [his] back." Plaintiff believes these restraints will interfere with his ability to read through his files and call other inmates to testify at the hearing. Plaintiff argues that "a Video Conference would be conducted differently" and asserts without explanation that a conducting the hearing as a video conference "would be better for all parties involved." Plaintiff does not explain, and the Court is not aware, how conducting the conference by video would affect in any way the restraints used on Plaintiff. Notably, Plaintiff does not request that he be unrestrained during the scheduled hearing or provide any legal authority for his contention that he should not be restrained at a civil hearing. Nor is the Court convinced that the restraints Plaintiff describes will necessarily hinder his presentation of his case at the hearing. Furthermore, Plaintiff will be participating in the hearing remotely, from the Colorado State Penitentiary ("CSP"), where he is incarcerated. It is well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).

IT IS FURTHER **ORDERED** that Motion No. 334 is **DENIED**. Plaintiff requests that the Court request "all disciplinary hearings, Administrative Segregation tapes, disks, recordings be forwarded to the Courts for review, and exhibits, evidence, from defendants attorney a [sic] Mr. Quinn." In particular, Plaintiff states he needs the disk dated November 24, 2008. This request is untimely. Plaintiff wishes to use this evidence at the hearing on his Motion for Preliminary Injunction [Docket No. 256] ("Motion No. 256") that is currently

set for March 1, 2010.  Plaintiff's motion was filed on February 23, 2010.  It was Plaintiff's responsibility to request and gather discovery he deemed necessary to the preliminary injunction hearing.  This hearing was set by Minute Order entered on December 4, 2009 [Docket No. 299], and the discovery deadline in this matter was January 15, 2010.  Plaintiff had more than sufficient notice and opportunity to request relevant discovery.  Nor is it clear how the records Plaintiff requests are relevant to the Court's resolution of Motion No. 256,  which addresses Plaintiff's complaints regarding his lack of outdoor exercise while assigned to Administrative Segregation.

Dated:  February 26, 2010