IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

MR. BILL RITTER, Governor of the State of Colorado,
MR. ARISTEDES W. ZAVARAS, Executive Director,
MR. MARK BROADUS,
MR. PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
MR. LEONARD VIGIL,
MR. DAVID M. ZUPAN,
MRS. D. WEBSTER,
LT. MCCORMICK,
MR. ENREQUIZ,
LT. PIPER,
MRS. SUSAN JONES,
MRS. JILL HOGGARTH,
MR. DR. [sic] MCHAUD, and
LT. ROBERT STEINBECK,

    Defendants.
_____

# MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion [sic] Failure to Make Disclosures or to Cooperate in Discovery [sic] Sanctions Rule 37** [Docket No. 327; Filed February 16, 2010] (the "Motion").

**I.    Statement of the Case**

In the Motion, Plaintiff requests that the Court reconsider its Order of January 28,

2010 [Docket No. 315], in which the Court granted in part and denied in part Plaintiff's "Motion [sic] Failure to Make Disclosures or to Cooperate in Discovery: Sanctions" [Docket No. 304] ("Motion No. 304").  At issue in Motion No. 304 were several requests for production made by Plaintiff.  Here, Plaintiff objects to the Court's ruling as to Request No. 1 and Request No. 15.

**II.     Legal Standard**

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*  Plaintiff seems to argue that the Court made a clear error.

**III.    Analysis**

A.     <u>Request No. 1</u>:

> Plaintiff request [sic] under Rule 34, Rule 26 that the defendants make for inspection and copying the plaintiffs [sic] institutional file, (A) Executive orders, evidentiary materials all correspondence from the plaintiff to all any Colorado Department of Corrections, staff, agents, officers Plaintiff request [sic] to inspect and copy "only" evidentiary materials not unlimited hunt for anything [sic] Plaintiff request [sic] a projected date of within "15" days of the AG's office reciving [sic] those request [sic] October 8, 2009.  Plaintiff's entire Institutional file is in itself is [sic] a computation,

compilation of discovery needed in this claim.

In its previous Order, the Court noted that in Motion No. 304, Plaintiff seemed to be complaining that he had received paperwork that did not pertain to him rather than that he had *not* received any documents.  *See* Order [#315] at 7-8.  Plaintiff here argues that the Court misunderstood his argument and that he is seeking production of documents not received.[1]

The Court notes that the only argument about Plaintiff's Request No. 1 in Motion No. 304 was that "discovery was botched and documents given to the plaintiff that was [sic] not his and given duplicates [sic] documents of the same A.R's 3 copies of the <u>same A.R.s</u> and <u>blank paper,</u> <u>forms</u> and documents that's [sic] inadmissible and not related to this case [sic] UAs, BAs, documents paper info from my parole status, none of the plaintiff [sic] case file from parole [sic] out-in society is relevant to this case, claims."  *Motion* [#304] at 3. Plaintiff did include in Motion No. 304 an introductory paragraph that references Defendants' alleged refusal "to make the plaintiff[] institutional file available for inspection." *Id.* at 2.

Defendants objected to Request No. 1 on the grounds that it was unintelligible, overly broad and burdensome, and irrelevant.  *See* Response to Plaintiffs' Motions to Compel, Docket No. 307, at 6.  Defendants represented to the Court that "[t]o the extent Plaintiff sought a copy of his inmate files, those documents were copied and provided except for security sensitive documents contained in the file.  Those documents were

---

[1]Plaintiff also here protests that rather than being given the documents requested, Defendants gave him a copy of Administrative Regulation 1150-03, Offender Deaths – Suspected or Confirmed, which he interprets as a threat.  This allegation is irrelevant to the Court's present inquiry.

3

delineated on a privilege log that was provided to Plaintiff." *Id.* However, neither in the instant Motion nor in Motion No. 304 does Plaintiff address any specific entry in the log, nor does he argue why any such documents must be produced despite the claim of privilege. The Court simply does not have before it the information or argument it would require to consider production of documents listed in Defendants' privilege log, and Defendants have adequately responded regarding non-privileged documents. Plaintiff's request that the Court reconsider its denial of production of documents in response to Request No. 1 is denied.

B.  Request No. 15

> The plaintiff request [sic] all S.T.G. Security Threat Group documents, letters, papers, Electronic Messages from Mr. Leonard Vigil Mr. Steve Lucero, Mr. Leonard Vigil (Classification Administrator) (Mr. Steve Lucero Arkansas Valley Facility), (Mr. McCormick Gang Intelligence at Buena Vista Facility) (Mr. Piper Gang Intelligence) at Limon Facility) (Mr. Fox (Gang Intelligence at Limon Facility) (Mr. Foster Captain at C.S.P. Gang Intelligence) (Mr. Barr Gang Intell at C.S.P.) and (Sgt. Dent Gang Intell at C.S.P. and C.C.F.) These are all gang Intelligence Administrators and officers and agents who have individual "personal records" concerning the plaintiff, concerning gangs, security threat groups.

In its previous Order, the Court ruled as follows:

> Defendants object because they argue that the information requested goes beyond the scope of permissible discovery. *Defendants' Responses* [#307-3] at 6. Citing COLO. REV. STAT. § 24-72-305(5) (2006), they also object on the basis of privilege, to the extent that the Request seeks disclosure of confidential security intelligence and information. *Id.* In their Response, Defendants elaborate, arguing that the request is overbroad because "[i]t encompasses all documents whether [or not] they relate to the alleged assault that forms the basis of Plaintiff's Amended Complaint." *Response* [#307] at 10. They also argue that the "documents constitute gang intelligence gathered by a criminal justice agency." *Id.*

> Plaintiff clarifies that what he seeks are the documents from the named individuals' files regarding steps taken by Defendants "in dealing with the 'gang threats' and plaintiff fearing for his life. Every time the plaintiff went and talked to security, case manager, administrators, sent letters" as well as

4

> any documented responses. *Motion* [#304] at 7. Plaintiff requests that the Court undertake an *in camera* review of the documents in question and resolve whether the documents withheld by Defendants should be disclosed.
>
> The Court agrees with Defendants that to the extent Plaintiff requests "all S.T.G. . . . documents, letters, papers, Electronic Messages" from the listed Defendants, such discovery is clearly irrelevant to Plaintiff's case, as it would include information about other inmates unrelated to Plaintiff's claims. *See* FED.R.CIV.P. 26(b)(1) (providing that discovery relevant if information "appears reasonably calculated to lead to the discovery of admissible evidence"). However, to the extent that Plaintiff requests documents on file that discuss complaints made by Plaintiff – which Plaintiff describes as "[e]very time plaintiff went and talked to security, case manager, administrators, sent letters" – the Court orders Defendants either to produce those documents for *in camera* review or to disclose to Plaintiff that no such documents exist. Defendants shall comply by February 10, 2010.[2] As set forth above, Defendants' objection to Request No. 15 is sustained in part and overruled in part.

Order, Docket No. 315, at 12-13.

Plaintiff here contends that the Court erred. He states that the Court does not understand what "S.T.G." means and that this request "is the key to the plaintiff [sic] case, claims, S.T.G. means 'security threat group' documents, letters, papers, Electronic Messages comes [sic] from the file or the S.T.G. '<u>only</u>' on the plaintiff nobody else." *Motion* [#327] at 5. Plaintiff further argues that the request concerns "not information on just gangs [sic] it means the threat on the plaintiff's life by the gangs S.T.G. [sic] the plaintiff is on the run from 'gangs' and why this is in C.D.O.C. Security Threat Group File kept on the plaintiff. It is a grave error in this case for this information, file not be made available to the plaintiff." *Id.* at 6.

Neither Plaintiff's present argument nor the original request itself are entirely clear. The first sentence of Plaintiff's Request No. 15 did not limit his request to information

---

[2]This deadline was extended until February 12, 2010 by subsequent Order. *See* Docket No. 322.

pertaining only to himself; nor does the reference to documents "concerning the plaintiff" in the second sentence obviously limit the first.  For this reason, the Court noted in its previous Order that *to the extent* that Plaintiff requested documents that did not pertain to him, the request was denied.  Plaintiff here insists that he did not intend to ask for documents not pertaining to him.  This argument is unnecessary.  The Court used the "to the extent" language merely to cover all bases as the Request itself was not clear.

Based on the clarification Plaintiff provided in his Motion No. 304, the Court granted the Request to the extent that Plaintiff requested production of complaints from Plaintiff concerning his fears of other inmates as well as any documented responses taken with respect to Plaintiff's complaints.  The instant Motion fails to specify how the documents that Plaintiff seeks are different from the documents that the Court ordered Defendants to produce for *in camera* inspection in response to Request No. 15.  To the extent that Plaintiff is seeking an alleged "Security Threat Group File," the Court has previously upheld Defendants' contention that such documents are privileged.

Request No. 15, as drafted and clarified by Plaintiff, has been thoroughly addressed by the Court.  Although Plaintiff is proceeding in this matter *pro se*, and the Court must construe his filings liberally, *see Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court should not be the *pro se* litigant's advocate.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, a motion for reconsideration is "not to be used as a 'second chance when a party has failed to present its strongest case in the first instance.'" *Steinert v. Winn Group, Inc.*, No. Civ.A. 98-2574-CM, 2003 WL 23484638, at *2  (D. Kan. Sept. 24, 2003) (quoting *Prairie Brand Potawatomi Nation v. Richards*, No. 99-4071-JAR,

2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).  The Court is not persuaded that its previous ruling was in error.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

IT IS FURTHER **ORDERED** that on or before **March 12, 2010**, Defendants shall file a certificate of compliance with the Court's Order [#315] regarding *in camera* production of the previously-compelled documents or disclosure to Plaintiff that no such documents exist.

Dated:  March 4, 2010