IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00737-MSK-KLM

MR. KEITH PARKER,

    Plaintiff,

v.

BILL RITTER,
ARISTEDES W. ZAVARAS,
MARK BROADUS,
PAUL HOLLENBECK,
MR. ARELLANO,
CAPTAIN HALL,
LEONARD VIGIL,
DAVID M. ZUPAN,
DONNA WEBSTER,
M. MCCORMICK,
MR. ENRIQUEZ,
LT. PIPER
SUSAN JONES,
JILL HOGGARTH,
DR. MICHAUD, and
ROBERT STEINBECK,

    Defendants.

---

**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**

---

**THIS MATTER** comes before the Court on the Plaintiff Keith Parker's Motion for Injunctive Relief **(#216)**, to which the Defendants responded **(#220)**. Having considered the same,[1] the Court **FINDS** and **CONCLUDES** the following.

---

[1] In construing Mr. Parker's pleadings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and

In this motion, Mr. Parker seeks various forms of injunctive relief including that he be permitted to participate in court hearings, that the Defendants be ordered to stop retaliating against and harassing him, that he be provided additional hygiene items, that he be provided additional legal supplies, that he be provided additional outdoor exercise time, and that the administrative segregation unit where he is housed be placed under audio and video surveillance and the tapes provided to him.

On July 14, 2009, the Magistrate Judge ordered that no further motions for preliminary injunction would be accepted for filing **(#199)**. Notwithstanding this Order, Mr. Parker filed the instant motion for preliminary injunction slightly less than three weeks later. Thus, the Motion should be stricken pursuant to the Magistrate Judge's Order.

Moreover, much of the relief that Mr. Parker seeks has either already been addressed or is currently being addressed and is, therefore, moot. Mr. Parker's access to hygiene supplies was addressed twice by the Magistrate Judge in January 2010 **(#315, 317)**. His claim regarding legal supplies was addressed most recently in January 2010 **(#317)**. As to these allegations, Mr. Parker's motions are redundant and provide no argument that the Magistrate Judge's determination was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a) (setting forth the standard for review of Magistrate Judges' decisions on non-dispositive matters). Additionally, the Magistrate Judge is currently holding an evidentiary hearing as to Mr. Parker's complaint regarding the amount of exercise time that he is provided while incarcerated **(#339)**.

---

other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Thus, as to this allegation, the Motion is denied as moot.

In any event, the Court also concludes that Mr. Parker's motion should be denied on the merits. A temporary restraining order or preliminary injunction is an "extraordinary remedy", and, therefore, the right to relief must be "clear and unequivocal." *See Nova Health Sys. v. Edmondson*, 460 F.3d 1295, (10th Cir. 2006). The decision to grant injunctive relief is a matter of discretion. *See Gen. Motors Corp. v. Urban Gorilla*, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007) (noting that the Tenth Circuit reviews denials of preliminary injunctions for abuse of discretion). To obtain a preliminary injunction, the movant must show four factors: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *See id.*; *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

In this case, the Court notes that Mr. Parker seeks injunctions that are mandatory as opposed to prohibitory, would disturb the status quo, and afford Mr. Parker substantially all the relief that he may recover after a trial on the merits. As such, his motion for a preliminary injunction must be more closely scrutinized and he must make a strong showing of likelihood of success on the merits and balance of harms. *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).

Mr. Parker has failed to demonstrate irreparable harm if the injunction is denied. None of Mr. Parker's complaints regarding retaliation, harassment, hygiene supplies, or legal supplies demonstrate that he is facing an irreparable injury of such imminence that there is a clear and present need for equitable relief. *See Heideman v. Salt Lake City*, 348 F.3d 1182, 1189 (10th

Cir. 2003). Indeed, because Mr. Parker's allegations do not rise beyond merely serious or substantial harm, they are insufficient to demonstrate irreparable harm. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005). Furthermore, he has failed to demonstrate a substantial likelihood of success on the merits. His mere conclusory allegation that he is likely to succeed is insufficient.

**IT IS THEREFORE ORDERED** that Plaintiff Keith Parker's Motion for Injunctive Relief **(#216)** is **DENIED**.

Dated this 25th day of March, 2010

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge