IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS,
PAUL HOLLENBECK
MR. ARELLANO,
CAPTAIN HALL,
DONNA WEBSTER
M. MCCORMICK,
LT. PIPER, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion [sic] Preliminary Injunctive Relief** [Docket No. 406; Filed April 16, 2010 (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C. COLO. LCivR. 72.1C.3., the Motion has been referred to this Court for a recommendation. The Court, having considered the entire case file and being sufficiently advised, **RECOMMENDS** that the Plaintiff's motion be **DENIED**.

    Plaintiff, who is proceeding in this matter *pro se*, presently is incarcerated at Colorado State Penitentiary ("CSP"). In the instant Motion, Plaintiff seeks an injunction directing the Colorado Department of Corrections ("CDOC") to accommodate his Islamic religious beliefs. Plaintiff states that he has been a "devote [sic] Muslim for over 35 years," that he has been unable to practice his religious beliefs, and that he "brings this action

under the Religious Land Use and Institutionalized Persons Act of 2000" ("RLUIPA"). *See Motion* [#406] ¶¶ 5, 7. However, Plaintiff's Amended Complaint contains no claim related to any alleged inability to practice his religion during his incarceration. *See* Amended Complaint; Docket No. 191. Plaintiff concedes this point.[1] *See Motion* [#406] ¶¶ 2-3.

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

Because the purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm pending resolution of the lawsuit, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (1994) (per curiam) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)) (affirming district court's denial of plaintiff's motion for preliminary injunction where motion sought injunction related to alleged retaliatory actions and underlying case brought only Eighth Amendment claim for inadequate medical treatment). Plaintiff's "new assertions might support additional claims against the same prison officials, [but] they

---

[1] Plaintiff complains that his appointed counsel filed Plaintiff's Amended Complaint without Plaintiff having had a chance to review it. This argument is irrelevant to the Court's resolution of the instant Motion.

cannot provide the basis for a preliminary injunction in this lawsuit." *Id.* (citing *Stewart v. U.S. Immigration & Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985)). Therefore, there is no underlying factual dispute related to whether Plaintiff has stated a viable request for a preliminary injunction, and the Court will not hold a hearing on this Motion. *See* CHARLES ALAN WRIGHT ET AL., 11A FEDERAL PRACTICE & PROCEDURE § 2949 ("[P]reliminary injunctions are denied without a hearing, despite a request therefor by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless."); *see also Reynolds and Reynolds Co. v. Eaves*, No. 98-6026, 1998 WL 339465, at *2 (10th Cir. June 10, 1998) (declining to order district court to hold evidentiary hearing on motion for preliminary injunction on remand, though court remained "free to do so within its own discretion").

Accordingly, I respectfully **RECOMMEND** that the Motion be **DENIED.**

IT IS FURTHER **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 19, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge