IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00737-MSK-KLM

MR. KEITH PARKER,

        Plaintiff,

v.

ARISTEDES W. ZAVARAS,
PAUL HOLLENBECK,
MR. ARELLANO,
CAPTAIN HALL,
DONNA WEBSTER,
M. MCCORMICK,
LT. PIPER, and
THE COLORADO DEPARTMENT OF CORRECTIONS,

        Defendants.

---

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING MOTION FOR SANCTIONS

---

**THIS MATTER** comes before the Court on (1) Plaintiff Keith Parker's Objection to the Magistrate Judge's Recommendation that the Motions for Preliminary Injunction be Denied **(#233)**, to which the Defendants responded **(#241)**; (2) Mr. Parker's Objection to the Magistrate Judge's Ruling on his Motion/Letter at Docket #244 **(#251)**, to which no response was filed; and (3) Mr. Parker's Motion for Sanctions **(#234)**, to which the Defendants responded **(#240)**. Having considered the same,[1] the Court **FINDS** and **CONCLUDES** the following.

---

[1] In reviewing Mr. Parker's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard"

# I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

# II. Factual Background

The specific factual basis for Mr. Parker's claims in this case are not relevant for determination of the motions and objections addressed by this Order. It is sufficient to note that the claims arise out of the circumstances of Mr. Parker's incarceration at institutions in the Colorado Department of Corrections. Three claims remain pending: (1) failure to protect at the Arkansas Valley Correctional Facility; (2) cruel and unusual punishment; and (3) retaliation for filing civil actions and/or prison grievances.

# III. Analysis

## A. Objections to the Denial of Mr. Parker's Motions for Preliminary Injunction (#233, 251)

There are two pending objections **(#233, 251)** that relate to the Court's denial of two of Mr. Parker's motions for preliminary injunction **(#183, 184)**. For the reasons stated below, the objections are **overruled**.

On June 30, 2009, Mr. Parker filed two motions for preliminary injunction regarding his

---

than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

access to the courts **(#183)** and retaliation against him by prison officials **(#184)**. The Defendants responded to these motions in a single response on July 20, 2009 **(#209)**. By Order dated July 22, 2009 **(#213)**, the Magistrate Judge set August 7, 2009 as the deadline for Mr. Parker to file a combined reply. However, no reply was ever docketed. The Magistrate Judge issued her recommendation on the Motions for Preliminary Injunction on August 27, 2009 **(#223)**, recommending that the motions be denied as moot, and noting that no reply had been filed. The Magistrate Judge found that Mr. Parker had been transferred to a different prison facility since he filed the motions for preliminary injunction and, therefore, his allegations concerning his treatment at the prior facility did not suffice to demonstrate an irreparable injury.[2] Accordingly, the Magistrate Judge recommended that the motions be denied as moot. Mr. Parker timely objected to the Recommendation **(#251)**, but because Mr. Parker captioned the document as a motion, it was not docketed as an objection to the Recommendation. The Court conducted a *de novo* review of the Recommendation, ultimately adopting it in full and denying the Motions for Preliminary Injunction **(#318)**.

In reviewing Mr. Parker's filing at **#233**, the Court discovered that it should have been docketed as an objection to the August 27, 2009 Recommendation **(#223)**.[3] Although the Court conducted a *de novo* review of the Recommendation and ultimately adopted the it, the Court

---

[2] To obtain a preliminary injunction, the movant must show four factors: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *See Gen. Motors Corp. v. Urban Gorilla*, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007); *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

[3] This document was originally filed as motion, but later deemed to be an objection to the Magistrate Judge's ruling at Docket **#213 (#235)**.

addresses Mr. Parker's objections at this juncture.[4]

Mr. Parker objects to the Recommendation's finding that he had not filed a reply to his Motions for Preliminary Injunction. He states that he mailed his reply on July 31, 2009. A review of the record reveals that it is likely that Docket **#216** is what Mr. Parker considers his reply. Based on the caption of the document—"Motion for Injunctive Relief, In Response to Defendant's Motion to Dismiss"—the document was docketed as a separate motion for injunctive relief rather than a reply. In this document, Mr. Parker argues that a preliminary injunction addressing, *inter alia*, his participation in court hearings, retaliation against him by prison officials, his access to legal supplies, and outdoor exercise time, is warranted. It does not, however, address the grounds on which the Court denied Mr. Parker's Motions for Preliminary Injunction at #183 and #184, namely that the motions were moot based on Mr. Parker's transfer to a different prison facility. Accordingly, there is no reason to revisit the Court's denial of Mr. Parker's Motions for Preliminary Injunction **(#183, 184)**. Moreover, the Court expressly addressed the arguments raised by this document when it addressed it as a separate and distinct motion for preliminary injunction and denied it on March 25, 2010 **(#378)**, concluding that Mr. Parker had failed to demonstrate the factors necessary for issuance of an injunction.

Docket **#251** is also related to Mr. Parker's filing of a reply to his Motions for Preliminary Injunction. Following the Magistrate Judge's issuance of the Recommendation, Mr. Parker filed a motion/letter regarding his filing of a reply **(#232)**. The Magistrate Judge denied the motion because it neither provided a legal basis for the filing of the motion nor sought any

---

[4] When timely objections are filed, the district court must review de novo the particular conclusions of the magistrate judge to which specific objections have been directed. *See* 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

specific form of relief **(#244)**.  Docket **#251** objects to the denial of this motion/letter, again asserting that he did, in fact, file a reply to the Motions for Preliminary Injunction.  As the Court resolved this issue on Mr. Parker's objection filed at **#233**, this objection is now moot.

    **B.**    **Motion for Sanctions (#234)**

Mr. Parker seeks sanctions pursuant to Fed. R. Civ. P. 11 against the Defendants and their attorney.  Although the basis for such sanctions is somewhat unclear, the Court understands Mr. Parker to allege that the Defendants' arguments in their Motion to Dismiss **(#201)** and corresponding reply **(#221)** are disingenuous.  The Defendants filed a response to Mr. Parker's motion arguing only that the motion was not a motion, but rather a supplemental brief regarding Mr. Parker's opposition to their Motion to Dismiss **(#201)**.  Interpreting the filing in this manner, the Defendants did not address the substance of Mr. Parker's request for sanctions.  Contrary to the Defendants' interpretation, however, the Court understands Mr. Parker to, at least in part, be seeking sanctions pursuant to Rule 11.

Fed. R. Civ. P. 11(b) provides that by filing a document with the Court, the attorney or party represents that the filing is not being presented for an improper purpose, that the legal contentions are warranted by existing law or a nonfrivolous argument for extending the existing law, that the factual contentions have evidentiary support, and that the denials of factual contentions have evidentiary support.  Sanctions may be imposed for violations of Rule 11(b). *See* Fed. R. Civ. P. 11(c)(1).

In this case, Mr. Parker's contentions are insufficient to warrant sanctions under Rule 11. He disputes the Defendants' application of the law and their characterization, but makes no showing that the arguments presented by the Defendants in the Motion to Dismiss or Reply were

5

not warranted by existing law or without any evidentiary support. No sanctions are appropriate upon this showing.

As noted by the Defendants, the motion also appears to be supplemental argument in support of Mr. Parker's opposition to the Defendants' Motion to Dismiss because it provides significant legal argument as to why the Defendants' arguments are invalid. To the extent the motion was intended to supplement earlier filings, it was filed without leave. It is **moot** as the Court has determined the Defendants' Motion to Dismiss. To the extent the motion seeks any other relief, it is **denied**.

**IT IS THEREFORE ORDERED** that

(1) Mr. Parker's Objection to the Magistrate Judge's Recommendation that the Motions for Preliminary Injunction be Denied **(#233)** is deemed an objection to **#223** and **OVERRULED**.

(2) Mr. Parker's Objection to the Magistrate Judge's Ruling on his Motion/Letter at Docket #244 **(#251)** is **OVERRULED**.

(3) Mr. Parker's Motion for Sanctions **(#234)** is **DENIED**.

Dated this 2nd day of September, 2010

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge