IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00737-MSK-KLM

KEITH PARKER,

    Plaintiff,

v.

CAPTAIN HALL,
DONNA WEBSTER,
M. MCCORMICK,
LT. PIPER, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Appointment of Counsel or Advisory Counsel** [Docket No. 475; Filed June 23, 2011] ("Motion No. 475"). Although Plaintiff had, at one time, been placed on the list of individuals in need of pro bono counsel, Plaintiff terminated the services of the counsel provided to him [Docket No. 199]. Following that termination, the Court informed Plaintiff that due to his conduct, which is detailed in Docket Nos. 199 & 213, no additional counsel would be secured for Plaintiff. Plaintiff sought reconsideration of my decision, but reconsideration was denied [Docket No. 213]. Although Plaintiff offers no compelling justification that would prompt the Court to revisit my prior rulings, I note that some of Plaintiff's claims have survived summary judgment and this case is now proceeding to trial [Docket No. 471]. As such, the Court finds that placing Plaintiff on the list of parties needing volunteer counsel serves the Court's and the public's

interest in the efficient administration of justice. Accordingly,

IT IS HEREBY **ORDERED** that Motion No. 475 is **GRANTED**. The Clerk of the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Plaintiff is hereby notified that mere placement on this list does not automatically mean that he will receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

This matter is also before the Court on Plaintiff's **Motion for Exhibits and Documents, Evidence** [Docket No. 476; Filed June 23, 2011] ("Motion No. 476").

IT IS HEREBY **ORDERED** that Motion No. 476 is **DENIED in part and DENIED without prejudice in part**.

To the extent that the Motion could be interpreted as a motion to compel Defendants to produce discovery, the Motion is denied. The time for discovery closed nearly a year and a half ago on January 15, 2010. Moreover, among other deficiencies, the Motion does not contain a verbatim recitation of the discovery requests at issue or attach a copy of timely propounded discovery requests as required by D.C.COLO.LCivR 37.1.

To the extent that the Motion could be interpreted as a request to obtain copies of Defendants' trial exhibits or a motion to reconsider the District Judge's ruling on the Motion for Summary Judgment, the Motion is denied without prejudice. First, issues related to trial exhibits will be addressed by the District Judge during the Final Pretrial Conference set for

July 7, 2011 at 4:00 p.m. Plaintiff may raise trial or evidentiary issues with her at that time. Second, this Court cannot address or revisit conclusions reached by the District Judge in her prior Order [Docket No. 471].

Dated: June 24, 2011